IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CASE NO.: 4:25-cv-00607-BCW

JEFFERY BLUBAUGH, individually and
on behalf of a class of all persons and entities
similarly situated,

    Plaintiff,

vs.

HEALTHCARE SOLUTIONS INSURANCY
AGENCY LLC,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant HEALTHCARE SOLUTIONS INSURANCY AGENCY LLC, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint filed on August 1, 2025 (ECF No. 1) and states as follows:

**Preliminary Statement**

1. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

2. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

3. Denied.

4. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

5. Denied.

## Parties

6. Defendant is without knowledge as to the allegations contained within this paragraph. Therefore denied.

7. Admitted.

## Jurisdiction & Venue

8. Admitted for jurisdictional purposes only. Denied as to any other allegations or inferences contained herein.

9. Admitted for jurisdictional purposes only. Denied as to any other allegations or inferences contained herein.

10. Admitted for venue purposes only. Denied as to any other allegations or inferences contained herein.

## The Telephone Consumer Protection Act

11. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

The National Do Not Call Registry

12. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

13. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

14. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

**Factual Allegations**

15. Denied.

16. Denied.

17. Defendant is without knowledge as to the allegations contained within this paragraph. Therefore denied.

18. Defendant is without knowledge as to the allegations contained within this paragraph. Therefore denied.

19. Defendant is without knowledge as to the allegations contained within this paragraph. Therefore denied.

20. Defendant is without knowledge as to the allegations contained within this paragraph. Therefore denied.

21. Denied.

22. Defendant admits to calling Plaintiff because Plaintiff consented to any and all calls made. All other allegations or inferences contained in this paragraph are denied.

23. Defendant admits to calling Plaintiff because Plaintiff consented to any and all calls made. All other allegations or inferences contained in this paragraph are denied.

24. Defendant admits to calling Plaintiff because Plaintiff consented to any and all calls made. All other allegations or inferences contained in this paragraph are denied.

25. Admitted.

26. Admitted.

27. Denied.

28. Admitted.

29. Denied.

30. Denied.

31. Denied.

## Class Action Statement

32. Defendant realleges and incorporates its responses to paragraphs 1 through 31 as if fully set forth herein.

33. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

34. Defendant denies that a class is necessary or certifiable in this action.

35. Denied.

36. Defendant denies that a class is necessary or certifiable in this action.

37. Denied.

38. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

39. Defendant denies that a class is necessary or certifiable in this action.

40. Defendant denies that a class is necessary or certifiable in this action.

41. Defendant denies that a class is necessary or certifiable in this action.

42. Defendant denies that a class is necessary or certifiable in this action.

43. Denied.

44. Denied.

45. Defendant denies that a class is necessary or certifiable in this action.

46. Denied.

47. Denied.

48. Defendant is without knowledge as to the allegations contained within this paragraph. Therefore denied.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)

49. Defendant realleges and incorporates its responses to paragraphs 1 through 48 as if fully set forth herein.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in Paragraphs A through D of this section.

## DEMAND FOR JURY TRIAL

Defendant hereby requests trial by jury on all issues so triable.

## GENERAL DENIAL

Defendant denies any and all allegations set forth in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

### First Affirmative Defense
### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Defendant.

### Second Affirmative Defense
### (Consent)

Plaintiff is barred from asserting his claims in whole or in part because the calls at issue were sent with the recipients' prior express permission and/or consent and that consent was either irrevocable or was not effectively revoked.

### Third Affirmative Defense
### (Acquiescence, Estoppel, Waiver, and Unclean Hands)

Plaintiff is barred from asserting his claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, and/or unclean hands. For example, Plaintiff cannot assert claims under the TCPA against Defendant to the extent he or others voluntarily provided telephone numbers for the purpose of receiving calls like the ones referenced in the Complaint.

### Fourth Affirmative Defense
### (Laches)

Plaintiff is barred from asserting his claims in whole or in part by the doctrine of laches.

## Fifth Affirmative Defense
### (Failure to Mitigate Damages)

Plaintiff is barred from asserting his claims in whole or in part by his failure to mitigate damages.

## Sixth Affirmative Defense
### (No Knowing or Willful Misconduct)

Any claim for treble damages is barred because Defendant did not engage in knowing or willful misconduct.

## Seventh Affirmative Defense
### (No Proximate Cause)

Defendant did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third parties (such as vendors, Plaintiff, or other persons who provided the numbers on which Plaintiff was allegedly called) proximately caused any damages, injuries, or violations at issue.

## Eighth Affirmative Defense
### (Standing)

Plaintiff lacks standing to bring the claims alleged in the Complaint because any harm allegedly caused by the calls at issue (which Defendants deny) did not cause sufficient Article III injury, pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021).

## Ninth Affirmative Defense
### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Certain damages, injury, violation or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable. Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in certain conduct of which the Complaint complains and cannot be held liable for it. And even if it could, its liability (if any)

7

Case 4:25-cv-00607-BCW    Document 8    Filed 10/28/25    Page 7 of 11

must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

### Tenth Affirmative Defense
### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

### Eleventh Affirmative Defense
### (No "Call")

Defendant did not "make any call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

### Twelfth Affirmative Defense
### (Failure to Join Party and/or Name the Proper Defendant)

The claims brought in the Complaint are barred, in whole or in part, by failure to join a necessary or indispensable party. Plaintiff's claims are also barred, in whole or in part, to the extent Plaintiff failed to name the proper defendant, over which the Court may lack personal jurisdiction.

### Thirteenth Affirmative Defense
### (No Charge)

Plaintiff was not "charged for the call" with respect to the calls at issue in this lawsuit, as that term is used in the TCPA.

### Fourteenth Affirmative Defense
### (Substantial Compliance with Laws)

Defendant is not liable to Plaintiff because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

### Fifteenth Affirmative Defense
### (Reasonable Practices)

Any and all claims brought in the Complaint are barred in whole or in part to the extent Defendant has established and instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendant, consistent with the minimum standards outlined in 47 C.F.R. § 64.1200.

### Sixteenth Affirmative Defense
### (No Solicitation)

Any and all calls made by or on behalf of the Defendant were purely informational and/or non-solicitation calls, thus not in violation of the relevant TCPA or state statutes.

### Seventeenth Affirmative Defense
### (Bona Fide Error)

Any and all claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations (which is denied), any such violation was not intentional and resulted from a *bona fide* error.

### Eighteenth Affirmative Defense
### (Good Faith)

Any and all claims brought in the Complaint are barred to the extent Defendant possessed a good faith belief that it had consent to call the numbers at issue.

### Nineteenth Affirmative Defense
### (Reservation of Right to Assert Further Defenses)

Defendant has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing from Defendant by reason of this Complaint and that judgment be entered in favor of Defendant;

2. For dismissal of the Complaint with prejudice;

3. That the Court award Defendant costs and reasonable attorneys' fees;

4. For such other relief as the Court deems just and proper.

Dated October 28, 2025.

                HEALTHCARE SOLUTIONS INSURANCE AGENCY LLC, Defendant

                By: */s/ Nimrod T. Chapel, Jr.*
*Nimrod T. Chapel, Jr., MO 46875*
*Chapel Law Group LLC*
*311 W Dunklin*
*Jefferson City, MO 65101*
*Phone 573-303-0405*
*Email: nimrod@chapellaw.com*

James A. Peterson, Esq.
*(pro hac application forthcoming)*
PETERSON LEGAL P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
Telephone: (754) 444-8076
james@petersonlegal.com

## CERTIFICATE OF SERVICE

      I hereby certify that on October 28, 2025, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following attorneys registered with the CM/ECF system:

Maxwell Cory Nelson
MCN Law LLC
8600 W. 110th Street
Suite 214
Overland Park, KS 66210
913-358-5800
E-Mail: mcorynelson@mcnlawllc.com

Anthony Paronich, Esq.
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
E-Mail: anthony@paronichlaw.com

      */s/ Nimrod T. Chapel, Jr.*