IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CASE NO.: 4:25-cv-00607-BCW

JEFFERY BLUBAUGH, individually and
on behalf of a class of all persons and entities
similarly situated,

    Plaintiff,

vs.

HEALTHCARE SOLUTIONS INSURANCY
AGENCY LLC,

    Defendant.
_____/

**<u>DEFENDANT HEALTHCARE SOLUTIONS INSURANCY AGENCY LLC'S
SUGGESTIONS IN SUPPORT OF MOTION TO BIFURCATE DISCOVERY</u>**

Defendant HEALTHCARE SOLUTIONS INSURANCY AGENCY LLC ("HEALTHCARE SOLUTIONS"), respectfully moves this Honorable Court for an order bifurcating discovery in two phases: (1) discovery into Plaintiff's individual claims, (2) class-wide discovery if Plaintiff JEFFERY BLUBAUGH's ("Plaintiff") claims proceed, based upon the following:

**I.    INTRODUCTION**

HEALTHCARE SOLUTIONS respectfully requests that the Court bifurcate discovery to promote judicial efficiency, conserve resources, and expedite the resolution of this matter. The initial phase of discovery should be narrowly tailored to address only the issues pertinent to Plaintiff's individual claims.

Good cause exists to phase discovery in this manner because it allows the Court to first

1

address the merits of Plaintiff's individual claims. As shown by the declaration of Jake Worrell, one of Defendant's Managing Partners (attached hereto as ***Exhibit A***), Plaintiff provided prior express written consent to be contacted by Defendant, which is a threshold issue that may dispose of Plaintiff's claims. Thus, it is possible to avoid the need for extensive and burdensome class discovery if Plaintiff did in fact provide consent to be contacted. This approach is particularly important in TCPA cases, where plaintiffs often seek extensive and invasive discovery of private consumer information regarding individuals who are not class members, even before class certification. By phasing discovery, the Court can prevent unnecessary intrusion into the privacy of non-parties and ensure that class-related discovery is appropriately limited and focused only after Plaintiff's individual claims are shown to have merit.

These concerns are particularly pronounced in this case because Plaintiff allegedly provided consent to be contacted by Defendant, thereby overriding his existence on the National Do-Not-Call Registry. Thus, there is substantial reason to believe that this case will not progress beyond the first phase of discovery. Proceeding with full discovery under these circumstances would not only be premature but would also unjustly intrude on the privacy of potentially thousands of consumers who have neither asserted any claims against HEALTHCARE SOLUTIONS nor received any illegal calls. Therefore, phasing discovery is essential to protect the rights of these individuals and to avoid unnecessary and invasive discovery efforts.

This proposed sequencing of discovery will promote the efficient resolution of this case, prevent unnecessary expenditures of time and resources, and will not prejudice either party. By addressing the threshold issues first, the Court ensures that discovery remains focused and proportional to the needs of the case. Thus, HEALTHCARE SOLUTIONS respectfully requests the Court exercise its broad discretion to manage discovery by taking a phased approach to

discovery.

## II.  LEGAL STANDARD

District courts have broad discretion to control the timing, scope, and sequence of discovery. Fed. R. Civ. P. 16 and 26(b)(1), (d); see also *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Rule 26 requires courts to limit discovery to that which is proportional to the needs of the case, considering the importance of the issues, the parties' relative access to information, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Courts routinely exercise this discretion to order phased discovery, particularly where resolution of a threshold issue may dispose of the case or materially narrow the scope of discovery. Phased discovery is appropriate where it promotes judicial economy, avoids undue burden, and does not prejudice the opposing party.

Courts consider factors such as convenience, prejudice, expediency, and economy when determining whether or not to bifurcate discovery. *Ameritas Life Ins. Corp. v. Fed. Ins. Co.*, No. 4:16CV3006, 2017 WL 432693, at *2 (D. Neb. Jan. 31, 2017). The movant must allege undue burden, expense, or prejudice associated with the discovery. *United States v. Thompson*, No. 8:13CV180, 2014 WL 2624927, at *4 (D. Neb. June 12, 2014). The burden is on the party seeking bifurcation to show that it will be prejudiced. *Ameritas,* 2017 WL 432693 at *2.

## III.  FACTUAL BACKGROUND

Plaintiff submitted his contact information through an online form seeking information regarding Medicare-related insurance products. At the time of submission, the form contained a disclosure advising that, by submitting his information, Plaintiff was providing prior express written consent to be contacted. (Worrell Decl. ¶¶ 6–8).

Healthcare Solutions maintains contemporaneous business records reflecting Plaintiff's submission, including the date and time of submission, the phone number provided, IP information, the consent language presented, and call logs and recordings associated with Plaintiff. (Worrell Decl. ¶¶ 8–12). The submission reflects the same telephone number that is at issue in this case, meaning Defendant has a complete defense to any alleged violations of the TCPA.

Healthcare Solutions can readily identify and produce Plaintiff-specific records without querying or producing records relating to other consumers. By contrast, extraction of class-wide calling and consent data would require substantially broader system queries involving records of numerous consumers. (Worrell Decl. ¶¶ 13–16). This dispute arose when Plaintiff served discovery seeking nationwide, class-wide calling and consent data, and Defendant now seeks the Court's guidance on sequencing discovery so that Plaintiff-specific discovery may proceed immediately while the threshold consent issue is addressed.

## IV.  ARGUMENT

Phasing individual merits discovery is in the best interests of the Court and the parties as it serves judicial economy in potentially resolving this case at the individual stage. Thus, district courts properly exercise their discretion to phase discovery when a threshold issue might be dispositive of the plaintiff's claims such that limiting discovery to that issue would conserve the parties' and the court's resources. *See Drennan v. Md. Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005) ("[b]ifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case"); *Karpenski v. Am. Gen. Life Companies*, LLC, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012) (granting motion to bifurcate where resolution of claim will be "dispositive of the entire case"). Phasing discovery would allow for the initial resolution of the threshold matter of Plaintiff providing prior express written consent to be contacted, which

would impact Plaintiff's ability to maintain his present claim under the TCPA. *See* 47 U.S.C. § 227.

For example, in *Kemen v. Cincinnati Bell Telephone Company LLC,* the court found that bifurcation of discovery was appropriate due to the need to resolve key threshold issues before delving into broader, more extensive class-based discovery. *Kemen, v. Cincinnati Bell Telephone Company LLC*, No. 1:22-CV-152, 2024 WL 3633333, at *2-3 (S.D. Ohio Aug. 2, 2024). The court reasoned that bifurcation was warranted because it could potentially eliminate the need for costly and resource-intensive class discovery. *Id*. By addressing foundational questions such as the plaintiff's standing and the existence of the defendant's internal Do-Not-Call policies, the court sought to promote judicial economy and avoid unnecessary burdens on the parties. *Id*. This strategic phasing of discovery was deemed to facilitate a more efficient and focused resolution of the case. *Id*.

Moreover, if the initial phase of discovery demonstrates that the named plaintiff's claims fail or that the plaintiff is otherwise not an adequate class representative, then, the far more resource-intensive discovery on the merits of the purported class claims can be avoided. In *Katz v. Liberty Power Corp., LLC*, No. 18-10506, 2019 U.S. Dist. LEXIS 30901 (D. Mass. Feb. 27, 2019), for example, the court bifurcated individual merits and class discovery because "class discovery is not necessary to address certain issues that may be dispositive of Plaintiffs' individual claims or ability to bring the asserted class claims" *Id*. at *6; *see also*, *e.g.*, *DeLeon v. Time Warner Cable LLC*, No. 09-2438, 2009 U.S. Dist. LEXIS 135122, at *3 (C.D. Cal. Nov. 2, 2009) ("The Court has authority to bifurcate this case so that discovery and dispositive motions on Plaintiff's individual claims take place before submerging the parties in an ocean of class discovery."); *Gottlieb v. Amica Mut. Ins. Co*., No. 20-10509, 2021 U.S. Dist. LEXIS 88642, at *5-6 (D. Mass. May 7, 2021)

(granting request to bifurcate and delay class discovery pending resolution of defendant's motion for summary judgment); *Physicians Healthsource, Inc. v. Janssen Pharms., Inc*., No. 12-2132, 2014 U.S. Dist. LEXIS 13523, at *14-15 (D.N.J. Feb. 4, 2014) (granting defendant's bifurcation request and discussing the efficiencies of bifurcation in a putative class action); *Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc*., No. 16-9281, 2018 U.S. Dist. LEXIS 120590, at *14, *16 (N.D. Ill. July 19, 2018) (bifurcating discovery "where some limited, first-stage production could shave off substantial wasted efforts" on purported class claims and "perhaps. . . entirely forego class-wide discovery, saving resources and expense on all sides").

HEALTHCARE SOLUTIONS will also be prejudiced should the Court deny this motion and allow class-wide discovery to occur prior to, or simultaneously with, discovery into Plaintiff's individual claims as HEALTHCARE SOLUTIONS would be forced to engage in unnecessary discovery that takes time, money, and resources when the threshold issue of whether Plaintiff provided prior express written consent to be contacted exists. Plaintiff will have succeeded in engaging HEALTHCARE SOLUTIONS and this Court in burdensome class discovery when, in reality, he provided his consent to be contacted in the first place. Phasing discovery would ensure that neither this Court nor the parties expend unnecessary time or resources on class-wide discovery before the threshold consent issue is addressed. Additionally, unlike cases where data sets may be inseparable, Healthcare Solutions has submitted sworn evidence showing Plaintiff-specific discovery can be produced without accessing class-wide datasets. (Worrell Decl. ¶¶ 13–16). That fact strongly favors phased discovery.

HEALTHCARE SOLUTIONS therefore requests that discovery be phased, and the merits of Plaintiff's individual claims be resolved first to allow the parties to resolve the merits of Plaintiff's individual claims before engaging the parties and this Court in unnecessary class

discovery.

**V.     CONCLUSION**

Based on the foregoing, HEALTHCARE SOLUTIONS respectfully requests that this Honorable Court enter an Order phasing discovery in this matter pursuant to Federal Rules of Civil Procedure 16 and 26 and the Court's inherent authority to manage discovery.

Dated January 28, 2026.

HEALTHCARE SOLUTIONS
INSURANCY AGENCY LLC,
Defendant

By: /s/ *Nimrod T. Chapel, Jr.*
Nimrod T. Chapel, Jr., MO 46875
Chapel Law Group LLC
311 W Dunklin
Jefferson City, MO 65101
Phone 573-303-0405
Email: nimrod@chapellaw.com

and

James A. Peterson, Esq.
(admitted pro hac vice)
PETERSON LEGAL P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
Telephone: (754) 444-8076
James@PetersonLegal.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 28, 2026, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following attorneys registered with the CM/ECF system:

| | |
|---|---|
| Maxwell Cory Nelson | Anthony Paronich, Esq. |
| MCN Law LLC | PARONICH LAW, P.C. |
| 8600 W. 110th Street | 350 Lincoln Street, Suite 2400 |
| Suite 214 | Hingham, MA  02043 |
| Overland Park, KS 66210 | E-Mail: anthony@paronichlaw.com |
| 913-358-5800 | |
| E-Mail: mcorynelson@mcnlawllc.com | |

                                                                                */s/ Nimrod T. Chapel, Jr.*
                                                                                Nimrod T. Chapel, Jr.