IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CASE NO.: 4:25-cv-00607-BCW

JEFFERY BLUBAUGH, individually and
on behalf of a class of all persons and entities
similarly situated,

    Plaintiff,

vs.

HEALTHCARE SOLUTIONS INSURANCY
AGENCY LLC,

    Defendant.
_____/

## DECLARATION OF JAKE WORRELL IN SUPPORT OF DEFENDANT'S MOTION TO BIFURCATE DISCOVERY

I, Jake Worrell, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am over the age of eighteen and competent to testify. I have personal knowledge of the facts stated in this Declaration, and if called upon to testify, I could and would testify competently thereto.

2. I submit this Declaration in support of the Motion to Bifurcate Discovery ("Motion"), filed contemporaneously herewith by Defendant Healthcare Solutions Insurancy Agency, LLC ("Healthcare Solutions") in the above-captioned matter ("Action").

3. I am a Managing Partner of Healthcare Solutions. In this role, I am generally familiar with Healthcare Solutions' business operations, outbound calling operations, and record-keeping practices, including those relating to consumer consent.

4. Healthcare Solutions assists consumers with evaluating and enrolling in Medicare-

Defendant Exhibit A

1
Case 4:25-cv-00607-BCW    Document 20-1    Filed 01/28/26    Page 1 of 4

related insurance products. As part of my duties, I am familiar with Healthcare Solutions' marketing and call-center operations, including how consumer information is obtained, stored, and used, and how outbound calls are placed.

5. I am also generally familiar with Healthcare Solutions' business records and its records-keeping policies and practices, including as they relate to Healthcare Solutions' marketing programs.

6. The records described in this Declaration are kept or maintained in the ordinary course of Healthcare Solutions' business, are made at or near the time of the act or event recorded or were made reasonably soon thereafter, and were made or maintained by an employee, agent, or other representative of Healthcare Solutions, and are kept as part of Healthcare Solutions' regularly conducted business activity. I have access to these records and have reviewed them in connection with this matter and for this Declaration.

7. Based on my review of Healthcare Solutions' business records, the individual identified as Plaintiff in this lawsuit submitted his contact information on September 10, 2024 through an online form seeking information about Medicare-related insurance products. In doing so, Plaintiff provided his telephone number (641) 347-XXXX, email address, date of birth, and address. Plaintiff also affirmatively agreed to be contacted regarding insurance products.

8. At the time Plaintiff submitted his information, the webform displayed a disclosure advising that by submitting his information, he was providing prior express written consent to receive telemarketing calls and/or text messages from Healthcare Solutions, including calls that may be made using an autodialer or prerecorded voice, even if the number was listed on the National Do-Not-Call Registry.

9. Healthcare Solutions' systems captured and maintain electronic records reflecting

Plaintiff's submission, including the date and time of submission, the phone number provided, IP information, and the consent language presented at the time of submission. These records are maintained in Healthcare Solutions' internal systems in the ordinary course of business.

10. Based on my review of these records, Plaintiff's information was obtained through a first-party marketing channel associated with Healthcare Solutions, not through the purchase of a third-party calling list.

11. The calls placed to Plaintiff were made in response to Plaintiff's submission and consent and were placed by Healthcare Solutions' agent using its internal lead data.

12. Healthcare Solutions does not make any unsolicited telemarketing calls, or cause others to do so. It is the policy and practice of Healthcare Solutions to obtain consent before contacting any consumer.

13. Healthcare Solutions' systems maintain call records associated with Plaintiff, including call dates, times, agent information, and call outcomes. Healthcare Solutions also maintains recordings of certain calls, including calls involving Plaintiff.

14. Healthcare Solutions can readily identify, isolate, and produce records and recordings specific to Plaintiff without querying or producing class-wide calling data.

15. Information relating to Plaintiff's lead submission, consent, and calls is maintained in Healthcare Solutions' systems in a manner that permits Plaintiff-specific production.

16. Production of Plaintiff-specific discovery does not require Healthcare Solutions to extract, analyze, or produce records relating to other consumers.

17. By contrast, the extraction and production of class-wide calling and consent data would require substantially broader system queries and data processing involving records of numerous consumers.

18. This Declaration is made solely in support of Healthcare Solutions' request that discovery proceed in phases, beginning with discovery limited to Plaintiff's individual claims and consent.

19. Nothing in this Declaration should be construed as an admission of liability, wrongdoing, or any factual allegation asserted by Plaintiff, all of which are expressly denied.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated Jan 27, 2026 .

*Jake Worrell*
Jake Worrell (Jan 27, 2026 16:10:20 EST)

JAKE WORRELL

4

Case 4:25-cv-00607-BCW    Document 20-1    Filed 01/28/26    Page 4 of 4