IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CASE NO.: 4:25-cv-00607-BCW

JEFFERY BLUBAUGH, individually and
on behalf of a class of all persons and entities
similarly situated,

      Plaintiff,

vs.

HEALTHCARE SOLUTIONS INSURANCY
AGENCY LLC,

      Defendant.
_____/

## DEFENDANT'S REPLY SUGGESTIONS IN SUPPORT OF MOTION TO BIFURCATE DISCOVERY

Defendant Healthcare Solutions Insurance Agency LLC ("Healthcare Solutions") respectfully submits this Reply in support of its Motion to Bifurcate Discovery (ECF No. 19).

### I. INTRODUCTION

Plaintiff's opposition largely reframes a routine case-management request as an effort to delay discovery. That characterization is incorrect. Healthcare Solutions does not seek to stay discovery. It seeks only to sequence discovery so that the threshold issue of Plaintiff's consent and individual claims can be addressed first. Courts routinely exercise their discretion to manage discovery in this manner where resolution of an individual issue may materially narrow or eliminate the need for class-wide discovery. *See Drennan v. Md. Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005); *Karpenski v. Am. Gen. Life Companies*, LLC, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012).

Because Plaintiff will receive all discovery related to his own claims during the initial phase, and because the threshold consent issue may dispose of those claims entirely, phased discovery is appropriate and will promote efficiency without prejudice to any party.

## II. THE REQUEST FOR PHASED DISCOVERY IS TIMELY AND CONSISTENT WITH THE SCHEDULING ORDER

Plaintiff argues the motion is "untimely" because it was filed after the Court entered a scheduling order and after discovery began. But nothing in the Federal Rules or the Court's Scheduling Order prohibits the Court from sequencing discovery as the case develops.

Courts retain broad discretion under Rules 16 and 26 to control the scope and sequence of discovery at any time to ensure proportionality and efficiency. See also *Landis v. North American Co.*, 299 U.S. 248 (1936). A scheduling order setting unified deadlines does not foreclose the Court from ordering phased discovery where appropriate. Indeed, in the parties' proposed scheduling order in this case, Healthcare Solutions expressly reserved its right to seek bifurcation after further review of the facts and defenses. See ECF No. 10, Page 2, Footnote 2 ("Defendant reserves the right to seek a bifurcation of discovery upon further review of the facts and defenses of the case").

Healthcare Solutions filed the present motion after Plaintiff sought to compel nationwide class-wide calling and consent data before discovery into Plaintiff's own claims had been completed. The motion was filed early in the discovery period, months before the discovery cutoff, and does not alter any deadlines set by the Court. The request is therefore timely and fully consistent with the Court's authority to manage discovery.

## III. PLAINTIFF WILL RECEIVE FULL DISCOVERY ON HIS INDIVIDUAL CLAIMS

Plaintiff suggests bifurcation would prevent him from obtaining discovery needed to prosecute his own claims. That is incorrect.

Healthcare Solutions has already produced Plaintiff-specific documents and will continue to produce all discovery relevant to Plaintiff's individual claims in the initial phase, including Plaintiff-specific call records, recordings, lead submission records, and consent-related materials specific to Plaintiff.

The proposed sequencing simply defers nationwide class discovery until the Court and the parties can determine whether Plaintiff's individual claims survive. This approach ensures Plaintiff can fully litigate his own claims while avoiding the burden and expense of nationwide discovery that may ultimately prove unnecessary.

### IV. CONSENT PRESENTS A THRESHOLD ISSUE THAT MAY RESOLVE PLAINTIFF'S CLAIMS

The central issue in this case is whether Plaintiff provided prior express written consent before the calls at issue. Healthcare Solutions has submitted sworn evidence that Plaintiff submitted his information through an online form that included consent language and that calls were made in response to that submission. See ECF No. 20-1, Worrell Decl. ¶¶ 7–13.

If Plaintiff consented to the calls, his individual claims, and his ability to represent a class, may fail. Courts frequently allow discovery to proceed in phases where resolution of a threshold issue may materially narrow the case or eliminate the need for class discovery. *See, e.g. Kemen, v. Cincinnati Bell Telephone Company LLC*, No. 1:22-CV-152, 2024 WL 3633333, at *2-3 (S.D. Ohio Aug. 2, 2024). This is especially true in TCPA actions, where class discovery often involves large datasets and third-party information unrelated to the named plaintiff.

Recently, in *Hoy v. Medicare Health Advisors LLC*, No. 4:25-cv-00207 (S.D. Iowa Feb. 13, 2026), the court granted in part a motion to bifurcate discovery in a TCPA class action and ordered an initial phase focused on consent and other threshold issues before broader class discovery.

While each case turns on its own circumstances, that decision confirms courts routinely exercise their discretion to phase discovery even after litigation has begun when threshold issues may streamline the case.

Here, addressing Plaintiff's individual consent first may substantially narrow or resolve the case and avoid unnecessary class-wide discovery.

## V. PLAINTIFF'S CLAIM OF PREJUDICE IS SPECULATIVE

Plaintiff argues bifurcation will cause prejudice and risk loss of evidence. Those concerns are unfounded.

Healthcare Solutions has preserved relevant records and will continue to do so. Plaintiff-specific discovery is already being produced. Nothing about the requested sequencing prevents Plaintiff from obtaining discovery relevant to his own claims.

Plaintiff also speculates about potential third-party data loss. Healthcare Solutions has no basis to believe relevant information will be lost and has taken appropriate steps to preserve materials. By contrast, proceeding immediately to nationwide class discovery would impose substantial burden and expense on Healthcare Solutions and involve the data of numerous non-parties to this lawsuit, discovery that may prove unnecessary if Plaintiff's individual claims fail.

## VI. CLARIFICATION REGARDING PLAINTIFF'S REFERENCE TO "INBOUNDS.COM"

Plaintiff's response asserts that Healthcare Solutions claimed Plaintiff's number was obtained from a third-party vendor, Inbounds.com. See ECF No. 21, Page 11. That assertion is incorrect.

Healthcare Solutions does not contend that Plaintiff's number was obtained from Inbounds.com or any third-party list. As set forth in the Worrell Declaration, Plaintiff's information was obtained through Healthcare Solutions' own marketing efforts and internal

4

systems. See ECF No. 20-1, ¶ 10.

## VII. PHASED DISCOVERY WILL PROMOTE EFFICIENCY

Phased discovery will allow the parties and the Court to address Plaintiff's individual claims first while preserving the ability to conduct class discovery if necessary. This approach:

- avoids potentially unnecessary nationwide discovery;
- protects non-party information;
- allows Plaintiff to fully pursue his own claims; and
- promotes efficient resolution of threshold issues.

The Court retains broad discretion to manage discovery to ensure the "just, speedy, and inexpensive determination" of this action. A modest sequencing of discovery here will advance those goals without prejudice to any party.

## VIII. CONCLUSION

For the foregoing reasons, Healthcare Solutions respectfully requests that the Court grant its Motion to Bifurcate Discovery and order that discovery proceed initially on Plaintiff's individual claims and consent, with any class-wide discovery to follow only if necessary.

Dated February 13, 2026.

HEALTHCARE SOLUTIONS
INSURANCE AGENCY LLC,
Defendant

By: /s/ *James A. Peterson*
James A. Peterson, Esq.
(admitted pro hac vice)
PETERSON LEGAL P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
Telephone: (754) 444-8076
James@PetersonLegal.com

and

Nimrod T. Chapel, Jr., MO 46875
Chapel Law Group LLC
311 W Dunklin
Jefferson City, MO 65101
Phone 573-303-0405
Email: nimrod@chapellaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following attorneys registered with the CM/ECF system:

| | |
|---|---|
| Maxwell Cory Nelson<br>MCN Law LLC<br>8600 W. 110th Street<br>Suite 214<br>Overland Park, KS 66210<br>913-358-5800<br>E-Mail: mcorynelson@mcnlawllc.com | Anthony Paronich, Esq.<br>PARONICH LAW, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>E-Mail: anthony@paronichlaw.com |

          */s/ James A. Peterson*
          James A. Peterson, Esq.