**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

JEFFERY BLAUBAUGH, )
)
Plaintiff, )
)
v. ) Case No. 4:25-CV-00607-BCW
)
HEALTH CARE SOLUTIONS )
INSURANCE AGENCY LLC, )
)
Defendant. )

## <u>ORDER</u>

Before the Court is Defendant's motion to bifurcate discovery. (Doc. #19). The Court, being duly advised of the premises, denies said motion.

On August 1, 2025, Plaintiff filed a class action complaint under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Doc. #1). The complaint alleges that Defendant Healthcare Solutions Insurance Agency LLC engaged in a telemarketing campaign that resulted in alleged calls to Plaintiff's telephone number and to the telephone numbers of similarly situated consumers nationwide. On December 2, 2025, the Parties jointly submitted a proposed scheduling order (Doc. #10), and on December 4, 2025, the Court entered a Scheduling Order setting a discovery deadline of June 1, 2026 (Doc. #11), consistent with the Parties' request.

On January 28, 2026, Defendant filed the instant motion to bifurcate discovery. (Doc. #19). On January 30, 2026, Plaintiff filed suggestions in opposition. (Doc. #21). On February 13, 2026, Defendant filed its reply. (Doc. #22).

The determination of whether to bifurcate discovery is within the discretion of the Court. See Slaven v. Engstrom, 848 F. Supp. 2d 994, 1004 (D. Minn. 2012), aff'd, 710 F.3d 772 (8th Cir. 2013) ("Inherent in judicial authority is the authority of the court to set its own schedule."). The

1

Court considers the factors of convenience, prejudice, expediency, and economy when determining whether to bifurcate discovery. See Adam v. CHW Grp., Inc., 2021 WL 7285904, at *2 (N.D. Iowa June 29, 2021). The burden is on the party seeking bifurcation to show that it will be prejudiced if claims are not bifurcated. See e.g., Ameritas Life Ins. Corp. v. Fed. Ins. Co., 2017 WL 432693, at *2 (D. Neb. Jan. 31, 2017). A party seeking to bifurcate discovery should allege undue burden, expense, or prejudice associated with the discovery. United States v. Thompson, 2014 WL 2624927, at *4 (D. Neb. June 12, 2014).

Here, Defendant filed its motion approximately two months after the Scheduling Order was entered and after discovery was underway. Without demonstrating any undue burden or prejudice, Defendant seeks to retroactively narrow discovery to Plaintiff-specific issues and delay production of class-wide evidence that is central to the claims. Moreover, the Parties jointly agreed to proceed under a standard Scheduling Order rather than a bifurcated class-certification Scheduling Order. Allowing bifurcation at this stage would disrupt the progression of the case, create inefficiencies, and prejudice Plaintiff by delaying access to class-wide discovery necessary to litigate both class certification and the merits. For these reasons, the Court finds that bifurcation would undermine, rather than advance, the principles of convenience, expediency, and judicial economy. Accordingly, it is hereby

ORDERED Defendant's motion to bifurcate discovery (Doc. #19) is DENIED.

IT IS SO ORDERED.

Dated: April 2, 2026                                  /s/ Brian C. Wimes
                                                      BRIAN C. WIMES, CHIEF JUDGE
                                                      UNITED STATES DISTRICT COURT