IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CASE NO.: 4:25-cv-00607-BCW

JEFFERY BLUBAUGH, individually and
on behalf of a class of all persons and entities
similarly situated,

Plaintiff,

vs.

HEALTHCARE SOLUTIONS INSURANCY
AGENCY LLC,

Defendant.
_______________________________________/

**DEFENDANT'S UNOPPOSED MOTION TO EXTEND CERTAIN DEADLINES**

Defendant Healthcare Solutions Insurance Agency LLC ("Defendant"), pursuant to Federal Rule of Civil Procedure 16(b)(4), respectfully moves for a limited extension of certain deadlines in the Court's Scheduling Order. In support, Defendant states as follows:

1. On April 21, 2026, the Court entered an Order granting in part Plaintiff's motion to extend certain deadlines in this matter (ECF No. 26). This was the first extension of the deadlines at issue in this Motion. As extended, Defendant's rebuttal expert designation was due August 16, 2026, discovery was due to close August 30, 2026, and motions challenging expert testimony under Daubert are due September 1, 2026. Because August 16 and August 30 fall on Sundays, the rebuttal expert and discovery deadlines extend to August 17 and August 31, respectively.

2. Plaintiff designated Aaron Woolfson as an expert and produced his expert report on June 3, 2026.

3. On July 8, 2026, Defendant served targeted expert discovery concerning Mr.

Woolfson's report, consisting of Defendant's Second Set of Interrogatories and Second Request for Production.

4. Among other things, Defendant's discovery seeks information and materials concerning the data, databases, methodology, scripts, validation procedures, third-party sources, and other materials underlying Mr. Woolfson's opinions, including his determinations concerning the historical status of telephone numbers on the National Do Not Call Registry and whether the telephone numbers identified in his report were residential telephone numbers.

5. Plaintiff's responses to Defendant's expert discovery were due August 7, 2026. Those responses and responsive documents have not yet been provided. The parties are presently conferring regarding their respective outstanding expert-related discovery.

6. The information sought by Defendant includes materials underlying Mr. Woolfson's analysis that are material to Defendant's evaluation of his opinions and its determination whether rebuttal expert testimony is necessary.

7. If Defendant determines that rebuttal expert testimony is warranted, Defendant will require sufficient time after receiving and evaluating the outstanding materials to retain an appropriate expert, permit the expert to conduct the necessary analysis, and prepare the disclosures required by Federal Rule of Civil Procedure 26(a)(2).

8. Rule 16(b)(4) permits modification of a scheduling order for good cause. The primary measure of good cause is the movant's diligence in attempting to meet the scheduling order's requirements. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008). Here, Defendant served targeted discovery concerning Plaintiff's expert more than five weeks before the rebuttal expert deadline, but information material to Defendant's evaluation of the need for rebuttal expert testimony remains outstanding.

9. Defendant recognizes the Court's preference that motions for extensions of time be filed at least three days before the applicable deadline. Although this Motion is being filed on the adjusted rebuttal expert deadline, that deadline has not expired, and Defendant respectfully requests that the Court consider the Motion in light of the outstanding expert discovery, Defendant's timely efforts to obtain that discovery, and the limited nature of the requested extension.

10. Defendant requests that the Court modify the current schedule as follows:

a. Defendant's rebuttal expert designation deadline: September 15, 2026;

b. Discovery deadline: September 30, 2026, solely for discovery relating to expert witnesses; and

c. Deadline for motions challenging expert testimony under Daubert: October 7, 2026.

11. Defendant conferred with Plaintiff's counsel regarding the foregoing extensions. Plaintiff does not oppose the requested relief provided that the November 17, 2026 pretrial conference and December 14, 2026 trial are also continued. Defendant does not oppose Plaintiff's request to continue the pretrial conference and trial and respectfully requests that the Court continue those settings to dates convenient to the Court.

12. The requested extension of the discovery deadline is limited to completion of the parties' outstanding written expert discovery and any discovery necessitated by Defendant's designation of a rebuttal expert, if any. The requested extensions will permit the parties to complete the outstanding expert discovery and allow Defendant a reasonable opportunity to determine whether rebuttal expert testimony is necessary, without prejudicing either party.

WHEREFORE, Defendant Healthcare Solutions Insurancy Agency LLC respectfully

requests that the Court enter an Order extending Defendant's rebuttal expert designation deadline to September 15, 2026; extending the discovery deadline through September 30, 2026 solely for expert-related discovery; extending the deadline for motions challenging expert testimony under Daubert to October 7, 2026; continuing the November 17, 2026 pretrial conference and December 14, 2026 trial to dates convenient to the Court; and granting such other and further relief as the Court deems just and appropriate.

Dated August 17, 2026.

HEALTHCARE SOLUTIONS
INSURANCE AGENCY LLC,
Defendant
By: /s/ *James A. Peterson*
James A. Peterson, Esq.
(admitted pro hac vice)
PETERSON LEGAL P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
Telephone: (754) 444-8076
James@PetersonLegal.com

and

Nimrod T. Chapel, Jr., MO 46875
Chapel Law Group LLC
311 W Dunklin
Jefferson City, MO 65101
Phone 573-303-0405
Email: nimrod@chapellaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2026, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following attorneys registered with the CM/ECF system:

Maxwell Cory Nelson
MCN Law LLC
8600 W. 110th Street
Suite 214
Overland Park, KS 66210
913-358-5800
E-Mail: mcorynelson@mcnlawllc.com

Anthony Paronich, Esq.
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
E-Mail: anthony@paronichlaw.com

*/s/ James A. Peterson*
James A. Peterson, Esq.