IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CASE NO.: 4:25-cv-00607-BCW

JEFFERY BLUBAUGH, individually and
on behalf of a class of all persons and entities
similarly situated,

Plaintiff,

vs.

HEALTHCARE SOLUTIONS INSURANCY
AGENCY LLC,

Defendant.
_______________________________________/

**DEFENDANT'S MOTION FOR EXTENSION OF DEADLINE TO FILE MOTION CHALLENGING EXPERT TESTIMONY**

Defendant HEALTHCARE SOLUTIONS INSURANCY AGENCY LLC ("Defendant"), pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.3, respectfully moves for a limited extension of the deadline to file any motion challenging expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), through September 18, 2026, or, alternatively, through September 4, 2026. Defendant does not request any extension of discovery, any additional expert designation deadline, the final pretrial conference, or trial. In support, Defendant states as follows:

1. On April 21, 2026, the Court extended the deadline for motions challenging expert testimony under Daubert to September 1, 2026 (ECF No. 26).

2. Plaintiff designated Aaron Woolfson as an expert and produced his expert report on June 3, 2026. Mr. Woolfson opines that a reliable methodology exists to identify calls placed

to telephone numbers that had been registered on the National Do Not Call Registry for more than thirty days as of the dates of the calls.

3. On July 8, 2026, Defendant served targeted expert discovery concerning the data, databases, methodology, scripts, validation procedures, third-party sources, and other materials underlying Mr. Woolfson's opinions, including his determinations concerning historical National Do Not Call Registry status.

4. Plaintiff's responses were due August 7, 2026, but were not served by that date. On August 17, 2026, while the expert discovery remained outstanding, Defendant timely moved to extend the rebuttal-expert, expert-discovery, and Daubert deadlines (ECF No. 40). Defendant also requested continuation of the final pretrial conference and trial.

5. On Saturday, August 22, 2026, Plaintiff served responses to Defendant's expert discovery and produced a single native electronic file titled "HSI_08-19-2026_full_SQL.bak". The file is a 724-megabyte Microsoft SQL Server backup and cannot be reviewed as an ordinary document. It must be restored in a compatible SQL Server environment before its tables, schema, source fields, and historical coverage can be evaluated.

6. Plaintiff's responses state that the historical National Do Not Call Registry data used in Mr. Woolfson's analysis are contained in a table identified as dbo.dnc within the SQL database used for his analysis. In conjunction with those responses, Plaintiff produced only the foregoing SQL Server backup. Defendant therefore understands that the backup contains, or is intended to contain, the referenced database and dbo.dnc table.

7. Plaintiff's responses do not otherwise identify the dates on which the underlying National Do Not Call Registry data were obtained, the historical period covered, or how additions to and removals from the Registry were accounted for. Those matters bear directly on whether Mr.

Woolfson used sufficient historical data and reliably applied a methodology capable of determining a telephone number's Registry status as of each call date.

8. On August 28, 2026, the Court denied Defendant's prior motion to extend deadlines (ECF No. 44). The present request is materially narrower and rests on the technical production received after the prior motion was filed. Defendant does not seek to reopen discovery, designate a rebuttal expert, or continue the final pretrial conference or trial.

9. The August 22 production arrived ten days before the September 1 Daubert deadline and immediately before a series of previously scheduled, time-intensive proceedings. Defense counsel participated in all-day depositions on Monday, August 24, and Tuesday, August 25; an all-day mediation on Wednesday, August 26; another all-day deposition on Thursday, August 27; and a deposition occupying more than half the day on Monday, August 31. Friday, August 28, provided only limited availability following four consecutive days of depositions and mediation. September 1 was counsel's first meaningful opportunity to examine Plaintiff's responses to Defendant's expert discovery, expert materials, and the nature of the newly produced database.

10. Healthcare Solutions' Chief Technology Officer, Brad Morgan, has materially assisted counsel in evaluating Plaintiff's expert materials and the database methodology at issue. Defendant expects to receive his initial analysis by September 2, 2026, concerning whether the newly produced backup contains underlying historical National Do Not Call Registry records capable of supporting Mr. Woolfson's call-date determinations.

11. Mr. Morgan will thereafter be unavailable from September 3 through September 13 because of previously scheduled travel. The requested September 18 deadline would provide Defendant one business week following his return to complete the technical review and prepare any appropriate, narrowly tailored motion.

12. If the Court is not inclined to extend the deadline through September 18, Defendant alternatively requests an extension through September 4, 2026. Defendant would use the expected September 2 initial analysis to prepare and file a focused motion by that date, if warranted, without awaiting Mr. Morgan's return.

13. The requested extension is limited and will not disturb any remaining case deadline. A motion filed September 18 would be fully briefed under Local Rule 7.0 by approximately October 16, 2026, leaving approximately one month before the November 17, 2026 final pretrial conference and nearly two months before the December 14, 2026 trial.

14. Rule 16(b)(4) permits modification of a scheduling order for good cause. The primary measure of good cause is the movant's diligence in attempting to meet the scheduling order's requirements. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008). Defendant timely sought the expert materials, timely requested relief while those materials remained outstanding, and now seeks narrowly limited relief based on the size, format, and technical significance of the production received after its prior motion was filed.

15. Defendant conferred with Plaintiff's counsel regarding the requested extension but has been unable to determine Plaintiff's position.

WHEREFORE, Defendant HEALTHCARE SOLUTIONS INSURANCY AGENCY LLC respectfully requests that the Court extend the deadline for motions challenging expert testimony under Daubert through September 18, 2026, or, alternatively, through September 4, 2026, without modification of any other deadline, and grant such other and further relief as the Court deems just and appropriate.

Dated September 1, 2026.

HEALTHCARE SOLUTIONS
INSURANCE AGENCY LLC,
Defendant

By: /s/ *James A. Peterson*
James A. Peterson, Esq.
(admitted pro hac vice)
PETERSON LEGAL P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
Telephone: (754) 444-8076
James@PetersonLegal.com

and

Nimrod T. Chapel, Jr., MO 46875
Chapel Law Group LLC
311 W Dunklin
Jefferson City, MO 65101
Phone 573-303-0405
Email: nimrod@chapellaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2026, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following attorneys registered with the CM/ECF system:

Maxwell Cory Nelson
MCN Law LLC
8600 W. 110th Street
Suite 214
Overland Park, KS 66210
913-358-5800
E-Mail: mcorynelson@mcnlawllc.com

Anthony Paronich, Esq.
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
E-Mail: anthony@paronichlaw.com

*/s/ James A. Peterson*
James A. Peterson, Esq.