# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CASE NO.: 4:25-cv-00607-BCW

JEFFERY BLUBAUGH, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff,

vs.

HEALTHCARE SOLUTIONS INSURANCY AGENCY LLC,

Defendant.
_______________________________________/

**DEFENDANT'S ANSWERS, RESPONSES, AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Healthcare Solutions Insurancy Agency LLC ("Defendant" or "Healthcare Solutions"), by and through its attorneys and pursuant to Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34, hereby provides the following answers, responses, and objections to Plaintiff Jeffery Blubaugh's ("Plaintiff" or "Mr. Blubaugh") First Set of Interrogatories and First Set of Requests for Production of Documents to Defendant.

**PRELIMINARY STATEMENTS TO INTERROGATORIES**

Defendant interposes the following Preliminary Statement and comments to Plaintiff's First Set of Interrogatories. These apply to each individual discovery request. To the extent that certain objections are cited in response to a specific request, Defendant provides specific citations because the objections are believed to be particularly applicable to that request. These specific citations are not to be construed as a waiver of any other general objections applicable to information falling

within the scope of the discovery request.

1. Defendant's investigation is ongoing. Defendant reserves the right to amend, modify and/or revise these objections and answers, or to produce additional information and documents, as a result of such investigation.

2. A statement herein that documents will be produced is a representation of Defendant's willingness to produce such documents if they exist and can be located by a reasonable, good faith effort, and not a representation that the documents in fact exist.

3. Defendant specifically objects to Plaintiff's Definition No. 11 which seeks to require a near summary of each and every document that may be responsive to a particular interrogatory, as this would impose an undue burden on Defendant. Fed. R. Civ. P. 33(d) allows Defendant the option to produce business records in response to an interrogatory, "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party..." All of Defendant's document productions have been or will be produced as searchable documents with underlying metadata, and the documents are therefore equally as searchable by Plaintiff. Defendant will not identify documents with the level of detail requested by Plaintiff.

## PRELIMINARY STATEMENTS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant makes the following Preliminary Statements to Plaintiff's First Set of Requests for Production of Documents. The comments in these Preliminary Statements apply to each individual discovery request. Defendant will provide specific objections to each individual request as appropriate. These specific citations are not to be construed as a limitation on the statements below.

1. Defendant is in the process of investigating and has not completed its investigation of facts, witnesses, or documents relating to this case, has not completed analysis of all available information, and has not completed preparation for trial. Investigation is continuing, however, and it is possible that future discovery and investigation may supply additional information or documents that may lead to additions to, changes in, or variations from the following responses. Defendant reserves its right to supplement these responses when or if subsequently discovered information is made available and to introduce and rely upon such information in the course of this litigation.

2. Defendant will not produce information or documents protected from disclosure by the attorney-client privilege, work-product doctrine, common interest privilege, or any other applicable privilege or doctrine. In the event Defendant inadvertently produces privileged or protected documents, that production shall not constitute a waiver of the privilege or protection. Upon completion of production of documents, Defendant will produce a privilege log for any responsive, non-objectionable documents withheld as privileged.

3. A statement herein that documents will be produced is a representation of Defendant's willingness to produce such documents if they exist and can be located by a reasonable, good faith effort, and not a representation that the documents in fact exist.

4. Defendant will produce documents on a rolling basis.

5. Defendant specifically objects to Plaintiff's Definition No. 11 which seeks to require a near summary of each and every document that may be responsive to a particular request, as this would impose an undue burden on Defendant. All of Defendant's document productions have been or will be produced as searchable documents with underlying metadata, and the documents are therefore equally as searchable by Plaintiff. Defendant will not identify documents

with the level of detail requested by Plaintiff.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**RESPONSE TO INTERROGATORY NO. 1:** Healthcare Solutions objects to this Interrogatory for the reason that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Subject to and without waiving these objections, Healthcare Solutions states that counsel for Healthcare Solutions prepared the answers to these Interrogatories based upon relevant information and documents provided by Jake Worrell.

**INTERROGATORY NO. 2:** Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**RESPONSE TO INTERROGATORY NO. 2:** Healthcare Solutions objects to this Interrogatory as seeking irrelevant information and information that is disproportionate to the claims and defense in the litigation to the extent it goes beyond the calls made to the named Plaintiff in this litigation. At this time, a class has not been certified and, accordingly, names of all employees who make outbound calls are not relevant to the current posture of the litigation. Additionally, Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

Subject to and without waiving these objections, Healthcare Solutions states that no employee, agent, or vendor of Healthcare Solutions makes marketing outbound calls to promote goods and services unless and until there is already an established relationship with Healthcare Solutions or until an opt-in and/or prior express written consent has been received by an individual requesting to be contacted. Healthcare Solutions further states that its telephone calls are not telemarketing, but purely informational in nature.

With respect to Plaintiff specifically, Healthcare Solutions states that, after Plaintiff provided his prior express written consent to be contacted, Healthcare Solutions' marketing agent, Anthony Carbone, spoke with him. Healthcare Solutions is continuing to investigate the remaining portions of this Interrogatory and will supplement this response as discovery continues.

**INTERROGATORY NO. 3:** Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**RESPONSE TO INTERROGATORY NO. 3:** Healthcare Solutions objects to this Interrogatory as seeking irrelevant information and information that is disproportionate to the claims and defense in the litigation to the extent it goes beyond the calls made to the named Plaintiff in this litigation. At this time, a class has not been certified and, accordingly, the work of "each employee" is not relevant to the current posture of the litigation. Healthcare Solutions also objects to this Interrogatory as vague and ambiguous as to which employees are at issue in this Interrogatory. Additionally, Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

Subject to and without waiving these objections, and based on Healthcare Solutions' interpretation that this refers to the employees, agents, or vendors identified in the response to

Interrogatory No. 2, Healthcare Solutions states that no employee, agent or vendor of Healthcare Solutions makes marketing outbound calls to promote goods and services unless and until there is already an established relationship with Healthcare Solutions or until an opt-in and/or prior express written consent has been received by an individual requesting to be contacted. Healthcare Solutions further states that its telephone calls are not telemarketing, but purely informational in nature.

With respect to Plaintiff specifically, see Defendant's response to Interrogatory No. 2 above for the information requested.

**INTERROGATORY NO. 4:** Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

**RESPONSE TO INTERROGATORY NO. 4:** Healthcare Solutions objects to this Interrogatory because such information is not relevant to any party's claim or defense and is disproportional to the needs of the case at this time because the information as requested seeks information that has no bearing on the allegations in the putative Class Action Complaint. As worded, this Interrogatory seeks information regarding any third party used by any vendor of Healthcare Solutions, and is not limited to the matters at issue in the litigation. Healthcare Solutions further objects to this Interrogatory as overbroad and as seeking irrelevant information to the extent it seeks information regarding vendors beyond those involved in the call to the named Plaintiff. At this time, a class has not been certified and, accordingly, ***all*** third parties or sub-vendors are not relevant to the current posture of the litigation. Additionally, Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

With regard to any subvendors or third parties directly involved with Plaintiff, at this time

Defendant states none. Discovery is ongoing and Defendant will supplement this response if needed.

**INTERROGATORY NO. 5:** Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**RESPONSE TO INTERROGATORY NO. 5:** Healthcare Solutions states that Anthony Carbone spoke with Plaintiff.

**INTERROGATORY NO. 6:** If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**RESPONSE TO INTERROGATORY NO. 6:** Plaintiff provided a prior written consent to be contacted by Defendant. Healthcare Solutions states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues.

**INTERROGATORY NO. 7:** If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**RESPONSE TO INTERROGATORY NO. 7:** Healthcare Solutions does not make this contention at this time. Healthcare Solutions states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues if necessary.

**INTERROGATORY NO. 8:** Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**RESPONSE TO INTERROGATORY NO. 8:** Healthcare Solutions objects to this request as overbroad and unduly burdensome to the extent it seeks "all" communications with any third party regarding this lawsuit. It would be burdensome and potentially impossible to conduct a review to ensure that "all" communications relating to this topic are located, reviewed and produced, and attempting to do so would not be proportional to the needs of the case. Healthcare Solutions further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine and/or any other applicable privilege.

Subject to and without waiving these objections, pursuant to Fed. R. Civ. P. 33(d), non-privileged documents responsive to this Interrogatory will be produced.

**INTERROGATORY NO. 9:** Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**RESPONSE TO INTERROGATORY NO. 9:** Healthcare Solutions states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues.

**INTERROGATORY NO. 10:** State all facts in support of any affirmative defenses you have raised.

**RESPONSE TO INTERROGATORY NO. 10:** Defendant interprets this Interrogatory as eighteen separate Interrogatories. Defendant objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege or the work-product privilege, or is asking for attorney impressions. Subject to and without waiving these objections, Defendant refers Plaintiff to the facts evidenced by the discovery responses and initial disclosures served in this

matter, as well as all documents that may be produced in this matter by all parties and third parties as possible facts and evidence that may be offered in support of Defendant's affirmative defenses. In short, Defendant called Plaintiff's telephone number because Plaintiff consented to any and all calls made by or on behalf of Defendant. Further, Defendant does not make telemarketing calls. Defendant's telephone calls are informational in nature.

**INTERROGATORY NO. 11:** Identify and describe in detail the process by which you (or any vendor acting on your behalf) "scrubbed" telephone numbers against the National Do Not Call Registry during the relevant time period. In your answer, identify all persons involved, the software or service provider(s) used, and the frequency of such scrubs.

**RESPONSE TO INTERROGATORY NO. 11:** Healthcare Solutions states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues.

**INTERROGATORY NO. 12:** Identify and describe all methods by which you claim to have obtained prior express written consent for outbound calls or texts made during the class period. In your answer, identify each vendor, lead generator, or affiliate involved and specify whether any records of such consent exist.

**RESPONSE TO INTERROGATORY NO. 12:** To the extent Healthcare Solutions obtains leads with prior express written consents from vendors other than those involved in calls to Plaintiff, Healthcare Solutions objects to this Interrogatory as seeking irrelevant information and information that is disproportionate to the claims and defense in the litigation to the extent it goes beyond the calls made to the named Plaintiff in this litigation. At this time, a class has not been

certified and, accordingly, names of other vendors not connected to Plaintiff are not relevant to the current posture of the litigation. Additionally, Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

As to Plaintiff, Healthcare Solutions states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues.

**INTERROGATORY NO. 13:** Identify each person or entity responsible for TCPA or Do Not Call Registry compliance during the relevant period, including their job titles, dates of service, and specific responsibilities.

**RESPONSE TO INTERROGATORY NO. 13:** Healthcare Solutions states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues.

**INTERROGATORY NO. 14:** Identify all governmental investigations, inquiries, or complaints received from the FCC, FTC, state attorneys general, or any other regulator concerning outbound telemarketing during the relevant time period.

**RESPONSE TO INTERROGATORY NO. 14:** Healthcare Solutions objects to this Interrogatory because such information is not relevant to any party's claim or defense and proportional to the needs of the case because such information holds no bearing on the allegations in the putative Class Action Complaint.

**INTERROGATORY NO. 15:** Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly

unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**RESPONSE TO INTERROGATORY NO. 15:** Healthcare Solutions objects to this Interrogatory because such information is not relevant to any party's claim or defense and proportional to the needs of the case because such information holds no bearing on the allegations in the putative Class Action Complaint.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE TO REQUEST NO. 1:** Non-privileged documents responsive to this request will be produced.

**REQUEST FOR PRODUCTION NO. 2:** Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE TO REQUEST NO. 2:** Healthcare Solutions objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents supporting or contradicting any affirmative defense made in any answer by Healthcare Solutions to any complaint in this case. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" documents that refer to such information, and attempting to do so would not be proportional to the needs of the case. Healthcare Solutions further objects to this Request as vague and ambiguous to the extent it is unclear what document may support or contradict affirmative defenses.

Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Healthcare Solutions' possession, custody, or control will be produced based on Healthcare Solutions' good faith interpretation of this Request and good faith search for documents. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Friday, January 16, 2026.

**REQUEST FOR PRODUCTION NO. 3:** Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**RESPONSE TO REQUEST NO. 3:** Healthcare Solutions objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product privilege, and any other applicable privilege. Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Healthcare Solutions' possession, custody, or control will be produced. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Friday, January 16, 2026.

**REQUEST FOR PRODUCTION NO. 4:** Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**RESPONSE TO REQUEST NO. 4:** Healthcare Solutions objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation. A class has not yet been certified in this litigation and, as such, a broad request for any failure to abide by policies simply is not relevant to the claims of the Plaintiff in this litigation. Healthcare

Solutions further objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents relating to any failure by a vendor of Healthcare Solutions to abide by Healthcare Solutions' policies relating to the sending of outbound calls. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" documents that refer to such information, and attempting to do so would not be proportional to the needs of the case. Healthcare Solutions also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product privilege, and any other applicable privilege. Healthcare Solutions invites a meet and confer as to this Request.

**REQUEST FOR PRODUCTION NO. 5:** Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE TO REQUEST NO. 5:** Healthcare Solutions objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation to the extent it seeks all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. At this time, a class has not been certified and, accordingly, seeking these documents would provide information that has nothing to do with Plaintiff and will encompass documents that have no relevance to the claims and defenses in this litigation at this stage of the litigation. The Request and burden is disproportionate to the needs of the case based on the current procedural posture of the litigation. Healthcare Solutions objects to this Request as overbroad and unduly burdensome

to the extent it seeks "all" complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" documents containing such information.

**REQUEST FOR PRODUCTION NO. 6:** All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE TO REQUEST NO. 6:** Healthcare Solutions objects to this Request because it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case because such information holds no bearing on the allegations in the putative Class Action Complaint. Healthcare Solutions further objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" documents that refer to such information, and attempting to do so would not be proportional to the needs of the case. Healthcare Solutions further objects to this request to the extent it seeks documents protected from disclosure by the attorney/client privilege, attorney work-product doctrine and/or any other applicable privilege. Subject to and without waiving these objections, Defendant states no documents exist responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:** All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE TO REQUEST NO. 7:** Healthcare Solutions objects to this Request as overbroad

and unduly burdensome to the extent it seeks "all" internal communications regarding any vendor that provided Healthcare Solutions with the Plaintiff's telephone number or information. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" internal communications that refer to such information, and attempting to do so would not be proportional to the needs of the case. Healthcare Solutions further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine and/or any other applicable privilege.

Subject to and without waiving these objections, Defendant states no documents exist responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:** All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**RESPONSE TO REQUEST NO. 8:** Healthcare Solutions objects to this Request because it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case because such information holds no bearing on the allegations in the putative Class Action Complaint. Healthcare Solutions further objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" documents that refer to such information, and attempting to do so would not be proportional to the needs of the case. Healthcare Solutions further objects to this request to the extent it seeks documents protected from disclosure by the attorney/client privilege, attorney work-product doctrine and/or any other applicable privilege. Subject to and without waiving these objections, Defendant states no

documents exist responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:** All communications with any third party that dialed the calls to the Plaintiff.

**RESPONSE TO REQUEST NO. 9:** Healthcare Solutions objects to this Request as overbroad and unduly burdensome to the extent it seeks “all” communications with any third-party that dialed the calls to the Plaintiff. It would be burdensome and not practical for Healthcare Solutions to have to locate “all” communications with any third-party that refer to such information, and attempting to do so would not be proportional to the needs of the case. Defendant further objects to the extent such documents are not relevant to any claim or defense in this matter, particularly insofar as such communications do not relate directly to this lawsuit or Plaintiff. Subject to and without waiving these objections, Defendant states no documents exist responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:** All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**RESPONSE TO REQUEST NO. 10:** Healthcare Solutions objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" internal communications regarding any third-party that dialed the calls to the Plaintiff. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" internal communications that refer to such information, and attempting to do so would not be proportional to the needs of the case. Healthcare Solutions further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine and/or any other applicable privilege. Defendant further objects to the extent such documents are not relevant to any claim or defense in this matter,

particularly insofar as such communications do not relate directly to this lawsuit or Plaintiff. Subject to and without waiving these objections, Defendant states no documents exist responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:** All communications with any third party that provided you the Plaintiff's telephone number.

**RESPONSE TO REQUEST NO. 11:** Healthcare Solutions objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" communications with any third party that provided you the Plaintiff's telephone number. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" communications that refer to such information, and attempting to do so would not be proportional to the needs of the case. Finally, Healthcare Solutions objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to the extent such documents are not relevant to any claim or defense in this matter, particularly insofar as such communications do not relate directly to this lawsuit or Plaintiff. Subject to and without waiving these objections, Defendant states no documents exist responsive to this request.

**REQUEST FOR PRODUCTION NO. 12:** All internal communications at your company regarding any third party that provided you the Plaintiff's telephone number.

**RESPONSE TO REQUEST NO. 12:** Medicare Health objects to this Request as overbroad and unduly burdensome to the extent it seeks “all” internal communications at your company regarding any third party that provided you the Plaintiff’s telephone number. It would be burdensome and not practical for Medicare Health to have to locate “all” communications that refer to such

information, and attempting to do so would not be proportional to the needs of the case. Finally, Medicare Health objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to the extent such documents are not relevant to any claim or defense in this matter, particularly insofar as such communications do not relate directly to this lawsuit or Plaintiff. Subject to and without waiving these objections, Defendant states no documents exist responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE TO REQUEST NO. 13:** Healthcare Solutions objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" documents that refer to such information, and attempting to do so would not be proportional to the needs of the case. Finally, Healthcare Solutions objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Healthcare Solutions' possession, custody, or control will be produced based

upon a good faith search.

**REQUEST FOR PRODUCTION NO. 14:** Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE TO REQUEST NO. 14:** At this time, Defendant states that no documents exist responsive to this request. Discovery is ongoing and this response may be supplemented if necessary.

**REQUEST FOR PRODUCTION NO. 15:** Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

(a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

(b) obtaining or verifying prior express consent;

(c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 et seq.

**RESPONSE TO REQUEST NO. 15:** Healthcare Solutions objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" documents that refer to such information, and attempting to do so

would not be proportional to the needs of the case. Subject to and without waiving these objections, non-privileged policies regarding TCPA procedures responsive to this Request in Healthcare Solutions' possession, custody, or control will be produced. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Friday, January 16, 2026.

**REQUEST FOR PRODUCTION NO. 16:** Please produce all documents containing any of the following information for each outbound telemarketing call or text sent by you or your vendors, including to the Plaintiff:

(a) the date and time;

(b) the caller ID;

(c) any stop request received;

(d) any recorded message used;

(e) the result;

(f) identifying information for the recipient; and

(g) any other information stored by the call detail records.

**RESPONSE TO REQUEST NO. 16:** Healthcare Solutions objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation to the extent it seeks documents showing the requested information for every call made during the relevant time period. At this time, a class has not been certified and, accordingly, seeking this information regarding every outbound telemarketing call would provide information that has nothing to do with Plaintiff and will encompass communications that have no relevance to the claims and defenses in this litigation at this stage of the litigation. The Request and burden is

disproportionate to the needs of the case based on the current procedural posture of the litigation. Healthcare Solutions objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents containing any of the following information for each outbound telemarketing call sent by Healthcare Solutions or Healthcare Solutions' vendors. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" documents containing such information.

Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly. Said motion will further outline the burden faced by Defendant in gathering all documents responsive to this request. Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Healthcare Solutions' possession, custody, or control that relate directly to Plaintiff will be produced based on Healthcare Solutions' good faith search for documents. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Friday, January 16, 2026.

**REQUEST FOR PRODUCTION NO. 17:** Produce all documents evidencing purported consent obtained for calls or texts made during the class period, including any lead generation forms, webforms or audit trails.

**RESPONSE TO REQUEST NO. 17:** Healthcare Solutions objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation to the extent it seeks documents evidencing purported consent obtained for calls or texts made during the class period. At this time, a class has not been certified and, accordingly, seeking this information regarding every outbound telemarketing call would provide information that has

nothing to do with Plaintiff and will encompass communications that have no relevance to the claims and defenses in this litigation at this stage of the litigation. The Request and burden is disproportionate to the needs of the case based on the current procedural posture of the litigation. Healthcare Solutions objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents evidencing purported consent obtained for calls or texts made during the class period. It would be burdensome and not practical for Medicare Health to have to locate "all" documents containing such information.

Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly. Said motion will further outline the burden faced by Defendant in gathering all documents responsive to this request. Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Healthcare Solutions' possession, custody, or control that relate directly to Plaintiff will be produced based on Healthcare Solutions' good faith search for documents. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Friday, January 16, 2026.

**REQUEST FOR PRODUCTION NO. 18:** Produce all documents, reports, or data files that reflect scrubbing of call lists against the National Do Not Call Registry during the relevant time period.

**RESPONSE TO REQUEST NO. 18:** Healthcare Solutions objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation to the extent it seeks documents, reports, or data files that reflect scrubbing of call lists against the National Do Not Call Registry. At this time, a class has not been certified and, accordingly, seeking

these documents would provide information that has nothing to do with Plaintiff and will encompass communications that have no relevance to the claims and defenses in this litigation at this stage of the litigation. The Request and burden is disproportionate to the needs of the case based on the current procedural posture of the litigation. Healthcare Solutions objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents, reports, or data files that reflect scrubbing of call lists against the National Do Not Call Registry. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" documents containing such information.

Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Healthcare Solutions' possession, custody, or control will be produced as to Plaintiff only. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Friday, January 16, 2026.

**REQUEST FOR PRODUCTION NO. 19:** Produce all communications with regulators (including the FCC, FTC, and state attorneys general) regarding telemarketing or Do Not Call compliance during the class period.

**RESPONSE TO REQUEST NO. 19:** Healthcare Solutions objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation to the extent it seeks communications with regulators regarding telemarketing or Do Not Call compliance. At this time, a class has not been certified and, accordingly, seeking these communications would provide information that has nothing to do with Plaintiff and will encompass communications that have no relevance to the claims and defenses in this litigation at this stage of the litigation. The Request and burden is disproportionate to the needs of the case

based on the current procedural posture of the litigation. Healthcare Solutions objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" communications with regulators regarding telemarketing or Do Not Call compliance. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" documents containing such information. Healthcare Solutions invites a meet and confer as to this request.

**REQUEST FOR PRODUCTION NO. 20:** All communications with any third party concerning this litigation other than your attorney.

**RESPONSE TO REQUEST NO. 20:** Healthcare Solutions objects to this request as overbroad and unduly burdensome to the extent it seeks "all" communications with any third-party regarding this lawsuit. It would be burdensome and potentially impossible to conduct a review to ensure that "all" communications relating to this topic are located, reviewed and produced, and attempting to do so would not be proportional to the needs of the case. Healthcare Solutions further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine and/or any other applicable privilege.

Subject to and without waiving these objections, non-privileged documents responsive to this Request will be produced. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Friday, January 16, 2026.

Dated December 23, 2025.

HEALTHCARE SOLUTIONS
INSURANCE AGENCY LLC,
Defendant

By: /s/ *James A. Peterson*
James A. Peterson, Esq.
(pro hac application forthcoming)
PETERSON LEGAL P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
Telephone: (754) 444-8076
E-Mail: James@PetersonLegal.com

Nimrod T. Chapel, Jr.
Nimrod T. Chapel, Jr., MO 46875
Chapel Law Group LLC
311 W Dunklin
Jefferson City, MO 65101
Phone 573-303-0405
E-Mail: nimrod@chapellaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2025, I served the foregoing via email to the persons listed below:

Maxwell Cory Nelson
MCN Law LLC
8600 W. 110th Street
Suite 214
Overland Park, KS 66210
913-358-5800
E-Mail: mcorynelson@mcnlawllc.com

Anthony Paronich, Esq.
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
E-Mail: anthony@paronichlaw.com

*/s/ James A. Peterson*
James A. Peterson, Esq.