# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CASE NO.: 4:25-cv-00607-BCW

JEFFERY BLUBAUGH, individually and
on behalf of a class of all persons and entities
similarly situated,

Plaintiff,

vs.

HEALTHCARE SOLUTIONS INSURANCY
AGENCY LLC,

Defendant.
_______________________________________/

**DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Defendant, HEALTHCARE SOLUTIONS INSURANCY AGENCY LLC (hereinafter "Defendant", "Healthcare Solutions", or "HSI"), pursuant to Federal Rule of Civil Procedure 33, by and through its undersigned counsel, hereby submits its Responses to Defendant's Second Set of Interrogatories, and states as follows:

**INTERROGATORIES**

1. Identify any number that appears in Exhibit 11 in the Expert Report of Aaron Woolfson, attached herein, you contend was not registered on the National Do Not Call Registry at the time it was called.

**<u>RESPONSE:</u> Defendant does not presently contend that any telephone number appearing in Exhibit 11 was not registered on the National Do Not Call Registry at the time it was called.**

2. Identify any number that appears in Exhibit 11 in the Expert Report of Aaron Woolfson, attached herein, that you contend was not a residential telephone number at the time it was called, and all facts in support of that contention.

**<u>RESPONSE:</u> Defendant objects to this Interrogatory to the extent it assumes that registration of a telephone number on the National Do Not Call Registry conclusively establishes that the number was residential at the time of a call. Defendant further objects to the phrase "all facts" as overbroad and disproportionate to the needs of the case to the extent it seeks an exhaustive narrative of evidence rather than the principal facts supporting Defendant's contentions. Subject to and without waiving these objections, Defendant's internal records do not contain sufficient information to determine the historical residential, business, or mixed use of each telephone number appearing in Exhibit 11. Defendant therefore does not presently identify a particular Exhibit 11 number as affirmatively established by Defendant's records to have been nonresidential at the time of a call. Defendant does not concede, however, that the remaining numbers were residential merely because they appeared on the National Do Not Call Registry. The actual use and subscriber status of a particular number may depend upon subscriber, carrier, or other third-party information not within Defendant's possession, custody, or control.**

3. Identify any text that appears in Exhibit 11 in the Expert Report of Aaron Woolfson, attached herein, that you contend had an established business relationship or any other form of consent with Defendant at the time it was called.

**<u>RESPONSE:</u> Defendant objects that the term "text" is ambiguous because Exhibit 11 identifies telephone numbers and calls, not text messages, and because Defendant did not send text messages to Plaintiff. Defendant also objects to the extent Plaintiff's definition of "Express written consent," which concerns advertisements or telemarketing messages delivered using an automatic telephone dialing system or an artificial or prerecorded voice, is assumed to define every form of consent potentially relevant to Plaintiff's claims. Construing "text" to mean "telephone number," and subject to and without waiving these objections, Defendant contends that each telephone number appearing in Exhibit 11 was associated with lead information reflecting a request or authorization to be contacted by Defendant regarding insurance products or services. The responsive lead and consent records in Defendant's possession have previously been produced as HEALTHCARE SOLUTIONS 0007.**

4. Identify any text that appears in Exhibit 11 in the Expert Report of Aaron Woolfson, attached herein, that you contend responded to any phone call sent to them with a phone call response or a telephone call to your company.

**<u>RESPONSE:</u> Defendant objects that this Interrogatory is vague, ambiguous, and internally inconsistent, including through its references to a "text," a "phone call sent," and a "phone call response." Defendant did not send text messages to Plaintiff.**

**To the extent Plaintiff asks Defendant to identify Exhibit 11 telephone numbers from which Defendant received an inbound telephone call, Defendant states that its call records contain 5,983 records bearing the call_type value identified by Defendant as "INBOUND". The responsive records in Defendant's possession have previously been produced as HEALTHCARE SOLUTIONS 0006. The burden of deriving the exact response to this interrogatory by cross-referencing Defendant's records with Plaintiff's Exhibit 11 is substantially the same to either party.**

5. Identify any purchase made from August 1, 2021 forward for any number that appears in Exhibit 11 in the Expert Report of Aaron Woolfson, attached herein.

**<u>RESPONSE:</u> Subject to Defendant's objections to disclosing personally identifiable and confidential customer information beyond what is proportional to the needs of the case, and subject to the Confidentiality Agreement entered into by the parties in this matter on May 26, 2026, Defendant's preliminary review identified approximately 73 telephone numbers appearing in Exhibit 11 for which the associated individuals purchased insurance policies. Defendant will produce a responsive list identifying the relevant telephone number, policy number, carrier, and purchase or effective-date information, with unnecessary personally identifiable information omitted.**

6. Identify all basis for any consent to contact any number that appears in Exhibit 11 in the Expert Report of Aaron Woolfson, attached herein.

**<u>RESPONSE:</u> Defendant objects to "all basis" as overbroad and disproportionate to**

**the needs of the case to the extent it demands an exhaustive narrative of all evidence. Subject to and without waiving this objection, Defendant contends that the Exhibit 11 numbers were supplied through lead-generation records reflecting requests or authorization to be contacted by Defendant concerning insurance products or services. The bases for Defendant's consent contentions include the lead data, consent language and associated source information previously produced; any inquiry, application, or purchase associated with the number; and any inbound communication reflected in Defendant's call records. Defendant refers Plaintiff to the previously produced lead records and call records pursuant to Federal Rule of Civil Procedure 33(d), including HEALTHCARE SOLUTIONS 0007. Defendant also refers Plaintiff to its response to Interrogatory No. 5 concerning policy purchases.**

**VERIFICATION**

I, Brad Morgan, declare under penalty of perjury as follows:

1. I am an authorized representative of Healthcare Solutions Insurancy Agency LLC.
2. I have reviewed Defendant's Responses to Plaintiff's Second Set of Interrogatories.
3. I am Healthcare Solutions' Chief Technology Officer. My responsibilities include Healthcare Solutions' telephony systems, outbound calling systems, technical operations, business records relating to those systems, internal Do-Not-Call procedures, and related technical matters.
4. Based upon my areas of responsibility, personal knowledge, review of Healthcare Solutions' business records, and information reasonably available to me as an authorized representative of Healthcare Solutions, I declare that the foregoing Responses are true and

correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on Sept 3, 2026.

Brad Morgan
Brad Morgan (Sep 3, 2026 14:12:51 EDT)

Brad Morgan

Dated September 15, 2026.

HEALTHCARE SOLUTIONS
INSURANCY AGENCY LLC,
Defendant

By: /s/ *James A. Peterson*
James A. Peterson, Esq.
(Admitted pro hac vice)
PETERSON LEGAL P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
Telephone: (754) 444-8076
E-Mail: James@PetersonLegal.com

Nimrod T. Chapel, Jr.
Nimrod T. Chapel, Jr., MO 46875
Chapel Law Group LLC
311 W Dunklin
Jefferson City, MO 65101
Phone 573-303-0405
E-Mail: nimrod@chapellaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2026, I served the foregoing via email to the persons listed below:

Maxwell Cory Nelson
MCN Law LLC
8600 W. 110th Street
Suite 214
Overland Park, KS 66210
913-358-5800
E-Mail: mcorynelson@mcnlawllc.com

Anthony Paronich, Esq.
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
E-Mail: anthony@paronichlaw.com

*/s/ James A. Peterson*
James A. Peterson, Esq.