# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CASE NO.: 4:25-cv-00607-BCW

JEFFERY BLUBAUGH, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff,

vs.

HEALTHCARE SOLUTIONS INSURANCY AGENCY LLC,

Defendant.
_______________________________________/

**DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**

Defendant, HEALTHCARE SOLUTIONS INSURANCY AGENCY LLC, through its undersigned attorney and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby serves its Response to Plaintiff's Second Request for Production and states as follows:

**DOCUMENTS REQUESTED**

1. With respect to any number that appears in Exhibit 11 of the Expert Report of Aaron Woolfson, attached herein, please produce all documents that evidence any prior consent to contact those telephone numbers.

**RESPONSE: Defendant objects to this Request to the extent "all documents" is cumulative or seeks duplicative copies of information previously produced. Subject to and without waiving this objection, Defendant states that responsive lead and consent records in its possession have previously been produced at HEALTHCARE**

**SOLUTIONS 0007.**

2. With respect to any number that appears in Exhibit 11 of the Expert Report of Aaron Woolfson, attached herein, please produce all documents that evidence that your company had an established business relationship with any of those individuals for each call at the time it was placed.

**RESPONSE: Defendant objects to this Request to the extent it seeks cumulative or duplicative copies of information already produced and to the extent it requires disclosure of unnecessary personally identifiable or confidential customer information. Subject to and without waiving these objections, Defendant refers to HEALTHCARE SOLUTIONS 0058 produced concurrently with these responses for a list of the 73 telephone numbers appearing in Exhibit 11 for which the associated individuals purchased insurance policies as identified in response to Interrogatory No. 5, including the associated telephone number, policy number, carrier, and relevant date information, with unnecessary personally identifiable information omitted.**

3. With respect to any number that appears in Exhibit 11 of the Expert Report of Aaron Woolfson, attached herein, please produce all documents that evidence that any number was not on the Do Not Call Registry when contacted.

**RESPONSE: Defendant does not presently contend that any telephone number appearing in Exhibit 11 was not registered on the National Do Not Call Registry at the time it was called. Defendant therefore has not identified documents responsive**

**to this Request in its possession, custody, or control.**

4. Produce documents that identify any text number that appears in Exhibit 11 in the Expert Report of Aaron Woolfson, attached herein, that you contend had an established business relationship or any other form of consent with Defendant at the time it was called.

**RESPONSE:** **Defendant objects that "text number" is vague and ambiguous because Exhibit 11 identifies telephone numbers and calls, not text messages. Construing "text number" to mean "telephone number," Defendant further objects to the extent this Request is duplicative of Requests for Production Nos. 1 and 2. Subject to and without waiving these objections, Defendant refers Plaintiff to its responses to Requests for Production Nos. 1 and 2 and to the lead, consent, and policy records identified therein.**

5. Produce documents that identify any purchase made from January 1, 2018 forward for any number that appears in Exhibit 11 in the Expert Report of Aaron Woolfson, attached herein.

**RESPONSE:** **Defendant objects that this Request seeks information beginning January 1, 2018, although Plaintiff defined the Relevant Time Period as beginning August 1, 2021, and has not demonstrated the relevance or proportionality of earlier information. Defendant also objects to disclosure of unnecessary personally identifiable and confidential customer information. Subject to and without waiving these objections, Defendant will produce a list of the approximately 73 insurance-policy purchases identified in response to Interrogatory No. 5, including the associated telephone number, policy number, carrier, and relevant date information, with unnecessary personally identifiable information omitted.**

6. Produce documents that identify any text that appears in Exhibit 11 in the Expert Report of Aaron Woolfson, attached herein, that you contend responded to any phone call sent to them with a phone call response or a telephone call to your company.

**<u>RESPONSE:</u> Defendant objects that this Request is vague, ambiguous, and internally inconsistent, including through its references to a "text," a "phone call sent," and a "phone call response." Defendant did not send text messages to Plaintiff. To the extent Plaintiff seeks call records reflecting inbound telephone calls from Exhibit 11 numbers, Defendant states that responsive call records have previously been produced at HEALTHCARE SOLUTIONS 0006 and can be filtered by call_type.**

7. Produce documents that support any assertion that any number that appears in Exhibit 11 in the Expert Report of Aaron Woolfson, attached herein, was not a residential telephone number at the time it was called.

**<u>RESPONSE:</u> Defendant objects to this Request to the extent it assumes that registration on the National Do Not Call Registry conclusively establishes residential status or shifts to Defendant the burden of establishing the residential status of proposed class members. Subject to and without waiving these objections, Defendant's internal records do not contain sufficient information to determine the historical residential, business, or mixed use of each telephone number appearing in Exhibit 11, and Defendant does not presently identify documents in its possession, custody, or control affirmatively establishing that a specific Exhibit 11 number was nonresidential at the time of a call. Defendant's inability to identify such internal**

**records should not be construed as an admission that any particular number was residential. Historical subscriber status or actual use may depend upon subscriber, carrier, or other third-party information not within Defendant's possession, custody, or control.**

Dated September 15, 2026.

HEALTHCARE SOLUTIONS
INSURANCY AGENCY LLC,
Defendant

By: /s/ *James A. Peterson*
James A. Peterson, Esq.
(Admitted pro hac vice)
PETERSON LEGAL P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
Telephone: (754) 444-8076
E-Mail: James@PetersonLegal.com

Nimrod T. Chapel, Jr.
Nimrod T. Chapel, Jr., MO 46875
Chapel Law Group LLC
311 W Dunklin
Jefferson City, MO 65101
Phone 573-303-0405
E-Mail: nimrod@chapellaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2026, I served the foregoing via email to the persons listed below:

Maxwell Cory Nelson
MCN Law LLC
8600 W. 110th Street
Suite 214
Overland Park, KS 66210
913-358-5800
E-Mail: mcorynelson@mcnlawllc.com

Anthony Paronich, Esq.
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
E-Mail: anthony@paronichlaw.com

*/s/ James A. Peterson*
James A. Peterson, Esq.