**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JEFFERY BLUBAUGH, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTHCARE SOLUTIONS INSURANCY AGENCY LLC,<br><br>Defendant. | | CASE NO.: 4:25-cv-00607-BCW<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO COMPEL COMPLETE DISCOVERY RESPONSES**

## Introduction

Plaintiff Jeffery Blubaugh respectfully moves to compel Defendant Healthcare Solutions Insurancy Agency LLC ("Healthcare Solutions" or "Defendant") to provide complete responses to Plaintiff's First Set of Discovery. The Court expressly authorized Plaintiff to file this Motion following the September 16, 2026 discovery conference. ECF No. 49.

This is not Plaintiff's first request for the discovery at issue, Defendant's first promise to supplement, or even the first time the parties have sought the Court's assistance concerning these deficiencies. After the Court denied Defendant's effort to bifurcate discovery, ECF No. 24, Defendant represented that it would supplement its responses and produce requested classwide information. Months later, and after repeated conferences and promises of supplementation, several discrete categories remain incomplete. Plaintiff identified these remaining deficiencies immediately after Defendant's supplementation, requested further supplementation, and repeatedly attempted to resolve them without motion practice. Despite those efforts and Defendant's eventual supplementation, a dispute remains. Plaintiff seeks identification of each class-period source and method through which Defendant contends it obtained consent, together with the corresponding classwide consent records.

These requests concern a central issue in this action and information uniquely within Defendant's possession. Indeed, Defendant has placed its purported consent directly at issue in its pending summary-judgment motion, ECF No. 32, while Plaintiff's pending class-certification motion necessarily addresses whether Defendant's consent contentions can be resolved through common evidence, ECF No. 51. Defendant should be ordered to provide complete responses and production by a date certain.

## **Background**

Plaintiff served discovery directed to, among other things, the factual bases for Defendant's affirmative defenses and the methods and records upon which Defendant contends consumers consented to receive its calls. Defendant resisted classwide discovery and, on January 28, 2026, moved to bifurcate discovery so that discovery would initially be limited to Plaintiff's individual claims. ECF Nos. 19–20. Plaintiff opposed that request. ECF No. 21. On April 2, 2026, the Court denied Defendant's motion to bifurcate discovery. ECF No. 24. The parties nevertheless continued to experience discovery disputes. The Court conducted a discovery-dispute conference on May 12, 2026, and entered an order following that conference. ECF Nos. 28–29.

The discovery disputes continued. The Court scheduled another discovery conference in July and ultimately conducted that conference on August 6, 2026. ECF Nos. 33–34, 37. Defendant thereafter served supplemental responses. Those responses narrowed—but did not eliminate—the parties' disputes. Plaintiff promptly identified the remaining deficiencies, including Defendant's failure to identify the facts supporting each affirmative defense and its failure to identify all class-period lead sources and consent pathways and produce the corresponding consent evidence. Plaintiff requested further supplementation and attempted to confer concerning those issues.

The need for complete discovery became particularly acute because Defendant had already moved for summary judgment on July 20, 2026. ECF No. 32. Defendant's motion relies upon a purported consent theory involving Zeeto, Tibrio, and ScoredIt that was not disclosed in Defendant's original discovery responses. As Plaintiff explained in opposing summary judgment, Defendant had originally responded to requests for vendor agreements and communications

concerning the source of Plaintiff's telephone number by stating that no responsive documents existed, only to later base its summary-judgment motion on a detailed relationship with Zeeto and the ScoredIt property.

The parties again brought the dispute to the Court. On September 16, 2026, the Court conducted another discovery-dispute conference. ECF No. 48. Following that conference, the Court expressly granted Plaintiff leave to file the present motion to compel and established a briefing schedule. ECF No. 49.

## Argument

### I. Interrogatory No. 12 and Request for Production No. 17: Defendant Must Identify all Classwide Consent Sources and Produce the Corresponding Consent Records.

Interrogatory No. 12 asks Defendant to:

> Identify and describe all methods by which you claim to have obtained prior express written consent for outbound calls or texts made during the class period. In your answer, identify each vendor, lead generator, or affiliate involved and specify whether any records of such consent exist.

*See* Exhibit 1. Defendant originally objected to providing the requested classwide information. Specifically, Defendant objected "[t]o the extent Healthcare Solutions obtains leads with prior express written consents from vendors other than those involved in calls to Plaintiff," contending that such information was irrelevant and disproportionate because no class had yet been certified. *Id.* Defendant further stated that it would move to bifurcate discovery "to limit the scope of discovery to only issues pertaining to Plaintiff directly." *Id.*

In their supplemental response, Healthcare Solutions contends that prior express written consent was obtained through online lead submissions in which consumers voluntarily submitted their contact information and affirmatively agreed to be contacted regarding Medicare-related insurance products. Defendant then describes Plaintiff's particular submission, stating that its

records identify Zeeto as the marketing platform, Tibrio as the publisher, and ScoredIt as the property associated with Plaintiff's lead. Finally, Defendant states that it previously produced class call logs and lead data for "a cohort of leads that followed the same lead journey as Plaintiff," and that this cohort shared Plaintiff's "same lead source, intake path, and downstream handling." *Id.*

Request for Production No. 17 seeks the documents corresponding to precisely this information:

> Produce all documents evidencing purported consent obtained for calls or texts made during the class period, including any lead generation forms, webforms or audit trails.

Defendant originally objected that classwide consent evidence was irrelevant and disproportionate because no class had been certified and further objected that locating "all" consent documents would be overbroad and unduly burdensome. After the Court rejected Defendant's attempt to bifurcate discovery, however, Defendant supplemented its response: Defendant withdraws its objection that class discovery is premature but otherwise maintains its objections, including its objections based on overbreadth and proportionality.

Those responses narrowed—but did not eliminate—the parties' disputes. Plaintiff promptly identified the remaining deficiency: Defendant had not identified all class-period lead sources and consent pathways or confirmed that it had produced the corresponding classwide consent evidence. Plaintiff requested further supplementation and attempted to confer concerning those issues.

These responses still leave unanswered the central question posed by Plaintiff's discovery: what are all of the sources and methods through which Defendant contends it obtained consent for the calls made during the class period? Interrogatory No. 12 did not ask merely how

Defendant claims Plaintiff consented or how one selected “cohort” consented. It expressly asks Defendant to identify “all methods” by which it claims prior express written consent was obtained “during the class period” and to identify “each vendor, lead generator, or affiliate involved.” Defendant has not done that.

Instead, Defendant describes one method generally—“online lead submissions”—then identifies Zeeto, Tibrio, and ScoredIt specifically as to Plaintiff, and finally describes a “cohort” of leads that supposedly followed Plaintiff’s same lead journey. What Defendant never says is whether Zeeto, Tibrio, ScoredIt, and that lead journey encompass every lead for which Defendant claims consent during the class period.

The distinction is not hypothetical. Defendant's response to Plaintiff's Second Set—which Plaintiff is not moving to compel—confirms that Defendant contends that every telephone number appearing in Plaintiff's expert's Exhibit 11 was associated with lead information reflecting a request or authorization to be contacted. Defendant further states that the bases for its consent contentions as to those numbers include lead data, consent language, associated source information, inquiries, applications, purchases, and inbound communications. Yet Defendant still has not answered the antecedent question posed months earlier by Interrogatory No. 12: what were all of the lead sources and consent pathways that generated those purported consents?

If Zeeto/Tibrio/ScoredIt and the lead journey described in Defendant’s supplementation were the only source and method, Defendant can say so. If other consumers came through different vendors, publishers, properties, campaigns, forms, or consent processes, Interrogatory No. 12 requires Defendant to identify them.

The same deficiency exists under Request for Production No. 17. Defendant withdrew its objection that class discovery is premature, but expressly continues to maintain overbreadth and

proportionality objections and identifies several Bates ranges only "[s]ubject thereto." Defendant does not state whether documents are being withheld because of those objections or whether the Bates ranges constitute the complete universe of classwide consent records. Rule 34(b)(2)(C) expressly requires an objection to "state whether any responsive materials are being withheld on the basis of that objection." Defendant's response does not do so. Plaintiff therefore cannot determine whether Defendant has produced all classwide consent evidence in its possession or merely the subset Defendant chose to produce.

These deficiencies concern a central issue in this litigation. Defendant contends that the calls at issue were made only after consumers provided prior express written consent. Indeed, in its supplemental response concerning DNC scrubbing, Defendant explains that it did not scrub numbers against the National DNC Registry because its business practice was to call only consumers who had provided prior express written consent. Consent is therefore not some collateral discovery issue; Defendant itself makes purported consent the justification for its calling practices.

The information is equally central to class certification. Plaintiff has now moved for class certification. ECF No. 51. Whether Defendant relies upon one uniform consent process or multiple vendors, lead sources, properties, disclosures, and lead journeys bears directly on the evidence necessary to adjudicate Defendant's consent defense on a classwide basis. Defendant's original objection based upon the absence of a certified class cannot justify its continuing failure to answer. The Court denied Defendant's motion to bifurcate discovery. ECF No. 24. Defendant thereafter expressly withdrew its objection that class discovery was premature in responding to Request No. 17. Defendant cannot accomplish through its remaining

overbreadth and proportionality objections what its unsuccessful bifurcation motion sought to accomplish: limiting Plaintiff to discovery concerning his individual consent.

## II. Defendant Cannot Simultaneously Oppose Class Certification While Withholding the Evidence Necessary to Litigate Class Certification.

Defendant's position is fundamentally inconsistent with the Federal Rules governing class actions. Defendant intends to oppose class certification, yet simultaneously refuses to produce the very records Plaintiff must rely upon to establish Rule 23's requirements. Courts consistently reject that tactic. As explained in a TCPA case:

> Plaintiff's requests seek, for example, copies of all faxed advertising documents, documents showing express permission or invitation to receive such faxes, and documents indicating an EBR with the recipients of the facsimiles.
>
> ***As we made clear to Quill in multiple court hearings, the Court cannot permit Quill on one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified***.

*Whiteamire Clinic, P.A. v. Quill Corp.*, No. 12 C 5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013) (emphasis added); *see also Central Alarm Signal, Inc. v. Business Fin. Servs., Inc.*, No. 14-14166, 2016 WL 3595627, at *2 (E.D. Mich. July 5, 2016) (granting motion to compel in putative TCPA class action, in part, because "the Court cannot permit [Defendant] on the one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified.") (quoting *Whiteamire Clinic, P.A.*, 2013 WL 5348377, at *3); *Ossola v. Am. Express Co*., No. 13 C 4836, 2015 WL 5158712, at *7 (N.D. Ill. Sept. 3, 2015) ("Call data is relevant, and thus produced as standard practice . . . in cases where the defendant is the alleged dialer.").

The TCPA exempts from its scope telemarketing calls made with consumers' prior express written consent. "Prior express consent" exists where a consumer has (a) clearly stated that the telemarketer may call, and (b) clearly expressed an understanding that the call will be made for the

purpose of encouraging the purchase of goods or services. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 F.C.C.R. 1830 ¶ 7 (FCC 2012). The FCC's definition is consistent with the everyday meaning of the term "prior express consent" meaning "[c]onsent that is clearly and unmistakably stated." *See Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 955 (9th Cir. 2009).

A defendant who asserts a consent defense bears the burden to prove with clear and convincing proof that valid consent was obtained. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 03-153 at ¶112, -- FCC Rcd. --, 2003 WL 2157853, 2003 FCC LEXIS 3673 (July 3, 2003) (emphasis added). In February of 2012, the Federal Communications Commission reiterated:

> Should any question about the consent arise, the seller will bear the burden of demonstrating that a clear and conspicuous disclosure was provided and that unambiguous consent was obtained.

*See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd 1830 at ¶112; 2012 FCC LEXIS 794 (Feb. 12, 2012). The FCC has also noted: In the event a complaint is filed, the burden of proof [as to whether prior express consent was obtained] rests on the sender to demonstrate that permission was given. We strongly suggest that senders take steps to promptly document that they received such permission. *Id.* at ¶46.

The case law has made this clear. *See Rosales v. Heath,* No. 8:17CV87, 2019 U.S. Dist. LEXIS 225294, at *9 (D. Neb. June 27, 2019) ("The FCC ruled that 'if any question arises as to whether prior express consent was provided by a call recipient, the burden is on the *caller* to prove that it obtained the necessary prior express consent." Consistent with that burden, all circuit courts deciding the question of whether consent is part of a prima-facia TCPA case or an affirmative defense have concluded that consent is an affirmative defense. *See Latner v. Mount*

*Sinai Health Sys., Inc.*, 879 F.3d 52, 54 (2nd Cir. 2018); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017); *Blow v. Bijora*, 855 F.3d 793, 803 (7th Cir. 2017); *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1115 (11th Cir. 2014).”). As another court has held in a TCPA case when compelling similar information:

> If defendant cannot substantiate this defense with documents or information responsive to the interrogatory, it should say so under verification and withdraw that defense.

*Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 WL 2311869, at *1 (N.D. Ill. June 13, 2011). As such, the Plaintiff has a legitimate need for this information and a reasonable expectation that it be produced.

## III. Plaintiff Is Entitled to His Expenses Under Rule 37(a)(5).

Rule 37(a)(5) provides for an award of the reasonable expenses incurred in bringing a successful motion to compel unless the opposing party’s position was substantially justified or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5).

"[A] district court [has] wide discretion to impose sanctions for a party's failure to comply with discovery requests[.]" *United States v. Big D Enterprises, Inc.*, 184 F.3d 924, 936 (8th Cir. 1999). "Rule 37 sanctions must be applied diligently[.]" *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1012 (8th Cir. 1993). "The award of expenses is mandatory unless the court finds . . . the responding party's refusal to respond was substantially justified, or other circumstances make an award of expenses unjust." *Murphy v. Kmart Corp.*, 259 F.R.D. 421, 432 (D. S.D. 2009).

An award is appropriate here. Plaintiff did not rush to motion practice. The Court denied Defendant’s attempt to bifurcate class discovery, ECF No. 24, and the parties thereafter participated in multiple discovery conferences with the Court, including on May 12, August 6,

and September 16, 2026. ECF Nos. 28–29, 37, 48–49. Plaintiff repeatedly sought supplementation without Court intervention, and Defendant repeatedly supplemented its responses without fully answering the classwide consent discovery at issue. Only after those efforts failed did Plaintiff seek—and the Court expressly grant—authorization to file this Motion. ECF No. 49. Under these circumstances, Plaintiff respectfully requests an award of the reasonable attorneys' fees and expenses incurred in bringing this Motion pursuant to Rule 37(a)(5).

## Conclusion

Accordingly, Plaintiff respectfully requests that the Court order Defendant to: (1) supplement Interrogatory No. 12 to identify all methods by which Defendant contends prior express written consent was obtained for calls during the class period and each vendor, lead generator, affiliate, publisher, property, campaign, or other source involved; (2) produce all corresponding classwide consent records responsive to Request for Production No. 17; and (3) amend its response to Request for Production No. 17 to state whether any responsive materials are being withheld on the basis of its remaining objections and, if none are being withheld, confirm that its production is complete.

Dated: September 21, 2026

Respectfully submitted,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

M. Cory Nelson, MO # 63357
MCN Law LLC
8600 W. 110th Street, Suite 214
Overland Park, KS 66210
Tel: 913-358-5800
mcorynelson@mcnlawllc.com
Local Counsel for Plaintiff and the putative Class

*Counsel for Plaintiff and the Proposed Class*