# EXHIBIT 1

Defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories

and

Defendant's Supplemental Responses to Plaintiff's First Request for Production

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CASE NO.: 4:25-cv-00607-BCW

JEFFERY BLUBAUGH, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff,

vs.

HEALTHCARE SOLUTIONS INSURANCY AGENCY LLC,

Defendant.
_____________________________________________/

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant, HEALTHCARE SOLUTIONS INSURANCY AGENCY LLC (hereinafter "Defendant", "Healthcare Solutions", or "HSI"), pursuant to Federal Rule of Civil Procedure 33, by and through its undersigned counsel, hereby submits its Supplemental Responses to Defendant's First Set of Interrogatories, and states as follows:

**INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 1:** Healthcare Solutions objects to this Interrogatory for the reason that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Subject to and without waiving these objections,

Healthcare Solutions states that counsel for Healthcare Solutions prepared the answers to these Interrogatories based upon relevant information and documents provided by Jake Worrell.

**SUPPLEMENTAL RESPONSE: In addition to Jake Worrell, Healthcare Solutions states that Jordan Vickers, Chief Marketing Officer, provided information concerning Healthcare Solutions' lead generation process, consumer consent records, marketing attribution records, lead acquisition, and related business records concerning Plaintiff's lead submission. Healthcare Solutions further states that Brad Morgan, Chief Technology Officer, provided information concerning Healthcare Solutions' telephony platform, outbound calling systems, call records, internal Do-Not-Call procedures, technical processes relating to outbound calling operations, and the methodology used to identify and produce responsive lead and call records in this litigation.**

**INTERROGATORY NO. 2:** Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 2:** Healthcare Solutions objects to this Interrogatory as seeking irrelevant information and information that is disproportionate to the claims and defense in the litigation to the extent it goes beyond the calls made to the named Plaintiff in this litigation. At this time, a class has not been certified and, accordingly, names of all employees who make outbound calls are not relevant to the current posture of the litigation. Additionally, Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope

of discovery to only issues pertaining to Plaintiff directly.

Subject to and without waiving these objections, Healthcare Solutions states that no employee, agent, or vendor of Healthcare Solutions makes marketing outbound calls to promote goods and services unless and until there is already an established relationship with Healthcare Solutions or until an opt-in and/or prior express written consent has been received by an individual requesting to be contacted. Healthcare Solutions further states that its telephone calls are not telemarketing, but purely informational in nature.

With respect to Plaintiff specifically, Healthcare Solutions states that, after Plaintiff provided his prior express written consent to be contacted, Healthcare Solutions' marketing agent, Anthony Carbone, spoke with him. Healthcare Solutions is continuing to investigate the remaining portions of this Interrogatory and will supplement this response as discovery continues.

**SUPPLEMENTAL RESPONSE: With respect to Plaintiff specifically, Healthcare Solutions' business records reflect that Plaintiff submitted his contact information through an online request for Medicare-related insurance information on September 10, 2024, and affirmatively consented to be contacted regarding insurance products. Healthcare Solutions' business records further reflect that Plaintiff submitted his information through an online marketing campaign featuring Healthcare Solutions' advertising and affirmatively consented to be contacted by Healthcare Solutions. The lead records identify Zeeto as the marketing platform, Tibrio as the publisher, and ScoredIt as the property associated with Plaintiff's lead submission.**

**With respect to subpart (a), Healthcare Solutions states that Anthony Carbone communicated with Plaintiff after Plaintiff's lead was received.**

**With respect to subpart (b), Healthcare Solutions utilized the Convoso platform in**

**connection with the outbound calls.**

**With respect to subpart (c), Healthcare Solutions did not obtain Plaintiff's telephone number from a purchased calling list. Rather, Healthcare Solutions' records reflect that Plaintiff voluntarily submitted his contact information through the online lead process described above, after which Plaintiff's information was maintained within Healthcare Solutions' business records and used in connection with Plaintiff's request to be contacted regarding Medicare-related insurance products.**

**INTERROGATORY NO. 3:** Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 3:** Healthcare Solutions objects to this Interrogatory as seeking irrelevant information and information that is disproportionate to the claims and defense in the litigation to the extent it goes beyond the calls made to the named Plaintiff in this litigation. At this time, a class has not been certified and, accordingly, the work of "each employee" is not relevant to the current posture of the litigation. Healthcare Solutions also objects to this Interrogatory as vague and ambiguous as to which employees are at issue in this Interrogatory. Additionally, Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

Subject to and without waiving these objections, and based on Healthcare Solutions' interpretation that this refers to the employees, agents, or vendors identified in the response to Interrogatory No. 2, Healthcare Solutions states that no employee, agent or vendor of Healthcare Solutions makes marketing outbound calls to promote goods and services unless and until there is already an established relationship with Healthcare Solutions or until an opt-in and/or prior express

written consent has been received by an individual requesting to be contacted. Healthcare Solutions further states that its telephone calls are not telemarketing, but purely informational in nature.

With respect to Plaintiff specifically, see Defendant's response to Interrogatory No. 2 above for the information requested.

**SUPPLEMENTAL RESPONSE: Anthony Carbone communicated with Plaintiff after Plaintiff submitted his request for information regarding Medicare-related insurance products and consented to be contacted. Mr. Carbone's role was to communicate with Plaintiff regarding Plaintiff's inquiry and potential insurance options.**

**Zeeto served as the marketing platform through which Plaintiff's lead was generated and transmitted. Tibrio served as the publisher associated with Plaintiff's lead submission, and ScoredIt was the property through which Plaintiff submitted his information. Healthcare Solutions' business records identify these entities in connection with Plaintiff's lead and maintain records concerning the source and transmission of Plaintiff's information.**

**Convoso served as the telephony platform utilized by Healthcare Solutions in connection with outbound calls reflected in Healthcare Solutions' business records relating to Plaintiff.**

**INTERROGATORY NO. 4:** Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 4:** Healthcare Solutions objects to this Interrogatory because such information is not relevant to any party's claim or defense and is disproportional to the needs of the case at this time because the information as requested seeks

information that has no bearing on the allegations in the putative Class Action Complaint. As worded, this Interrogatory seeks information regarding any third party used by any vendor of Healthcare Solutions, and is not limited to the matters at issue in the litigation. Healthcare Solutions further objects to this Interrogatory as overbroad and as seeking irrelevant information to the extent it seeks information regarding vendors beyond those involved in the call to the named Plaintiff. At this time, a class has not been certified and, accordingly, ***all*** third parties or sub-vendors are not relevant to the current posture of the litigation. Additionally, Defendant will shortly file a Motion to Bifurcate

Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

With regard to any subvendors or third parties directly involved with Plaintiff, at this time Defendant states none. Discovery is ongoing and Defendant will supplement this response if needed.

**SUPPLEMENTAL RESPONSE: Based upon Healthcare Solutions' investigation and review of its business records, Healthcare Solutions has identified Zeeto as the marketing platform associated with Plaintiff's lead, Tibrio as the publisher, ScoredIt as the property associated with Plaintiff's lead submission, and Convoso as the dialing platform in connection with the outbound calls. At this time, Healthcare Solutions has not identified any additional third parties or sub-vendors directly involved in Plaintiff's lead submission or the outbound calls made to Plaintiff beyond those identified in Defendant's supplemental response to Interrogatory No. 2.**

**INTERROGATORY NO. 5:** Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 5:** Healthcare Solutions states that Anthony Carbone spoke with Plaintiff.

**INTERROGATORY NO. 6:** If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 6:** Plaintiff provided a prior written consent to be contacted by Defendant. Healthcare Solutions states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues.

**SUPPLEMENTAL RESPONSE: Healthcare Solutions contends that Plaintiff provided prior express written consent on September 10, 2024, when Plaintiff voluntarily submitted his contact information through an online form requesting information regarding Medicare-related insurance products. As part of that submission, Plaintiff provided his telephone number, email address, date of birth, and address, and affirmatively agreed to be contacted regarding insurance products. Healthcare Solutions' business records reflect that, at the time Plaintiff submitted his information, the webpage displayed a disclosure advising that, by submitting the form, Plaintiff was providing prior express written consent to receive telemarketing calls and/or text messages from Healthcare Solutions, including calls that may be placed using an automatic telephone dialing system or prerecorded voice, even if Plaintiff's telephone number was listed on the National Do-Not-Call Registry.**

**Healthcare Solutions' business records further reflect that Plaintiff submitted his information through an online marketing campaign featuring Healthcare Solutions'**

**advertising and affirmatively consented to be contacted by Healthcare Solutions. Those records identify Zeeto as the marketing platform, Tibrio as the publisher, and ScoredIt as the property associated with Plaintiff's lead submission. Healthcare Solutions maintains electronic business records reflecting, among other things, the date and time of Plaintiff's submission, the telephone number submitted by Plaintiff, the IP address associated with the submission, the consent language presented at the time of submission, and the marketing attribution information associated with Plaintiff's lead.**

**Healthcare Solutions further contends that the calls made to Plaintiff were placed in response to Plaintiff's submission of this information and the consent reflected in Healthcare Solutions' business records.**

**INTERROGATORY NO. 7:** If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 7:** Healthcare Solutions does not make this contention at this time. Healthcare Solutions states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues if necessary.

**SUPPLEMENTAL RESPONSE: After completing its investigation and reviewing its business records, Healthcare Solutions does not contend that a third party made the calls alleged in the Complaint. Rather, Healthcare Solutions contends that the calls were made on behalf of Healthcare Solutions using the Convoso platform after Plaintiff submitted his contact information and provided prior express written consent to be contacted. Anthony Carbone is identified in Healthcare Solutions' business records as the individual who spoke**

**with Plaintiff.**

**INTERROGATORY NO. 8:** Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 8:** Healthcare Solutions objects to this request as overbroad and unduly burdensome to the extent it seeks "all" communications with any third party regarding this lawsuit. It would be burdensome and potentially impossible to conduct a review to ensure that "all" communications relating to this topic are located, reviewed and produced, and attempting to do so would not be proportional to the needs of the case. Healthcare Solutions further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine and/or any other applicable privilege.

Subject to and without waiving these objections, pursuant to Fed. R. Civ. P. 33(d), non-privileged documents responsive to this Interrogatory will be produced.

**SUPPLEMENTAL RESPONSE: Other than communications with counsel, Healthcare Solutions has communicated with Convoso, Inc. and Zeeto concerning this litigation.**

**Communications with Convoso include: (1) a litigation hold and document preservation notice dated January 27, 2026; (2) subsequent communications regarding the preservation of documents and electronically stored information relevant to this litigation; and (3) communications concerning the identification, retrieval, and production of historical call logs and other business records relevant to this action.**

**Communications with Zeeto concerned Plaintiff's lead information, including the lead journey, marketing campaign, consumer experience, and related lead records**

**associated with Plaintiff's submission.**

**Responsive, non-privileged documents relating to these communications have been or will be produced.**

**INTERROGATORY NO. 9:** Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 9:** Healthcare Solutions states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues.

**SUPPLEMENTAL RESPONSE: Healthcare Solutions utilized the Convoso cloud-based telephony platform in connection with the outbound calls reflected in Healthcare Solutions' business records relating to Plaintiff. Healthcare Solutions' business records include records generated and maintained through the Convoso platform reflecting the calls made to Plaintiff, including call dates, times, agent information, and call outcomes.**

**Plaintiff's lead information and related marketing records were maintained within Healthcare Solutions' business records, including records identifying the source of Plaintiff's lead, the associated marketing platform, publisher, property, campaign, and related attribution information.**

**Healthcare Solutions is not aware of any additional systems, platforms, or equipment used to contact Plaintiff beyond those reflected in its business records.**

**INTERROGATORY NO. 10:** State all facts in support of any affirmative defenses you have raised.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 10:** Defendant interprets this Interrogatory as eighteen separate Interrogatories. Defendant objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege or the work-product privilege, or is asking for attorney impressions. Subject to and without waiving these objections, Defendant refers Plaintiff to the facts evidenced by the discovery responses and initial disclosures served in this matter, as well as all documents that may be produced in this matter by all parties and third parties as possible facts and evidence that may be offered in support of Defendant's affirmative defenses. In short, Defendant called Plaintiff's telephone number because Plaintiff consented to any and all calls made by or on behalf of Defendant. Further, Defendant does not make telemarketing calls. Defendant's telephone calls are informational in nature.

**SUPPLEMENTAL RESPONSE: Without waiving the objections of its original response, Defendant contends that the facts presently known and supporting its affirmative defenses include, but are not limited to, the following:**

a. **Plaintiff voluntarily submitted his contact information through an online request for Medicare-related insurance products on September 10, 2024.**

b. **At the time Plaintiff submitted his information, Plaintiff affirmatively agreed to be contacted regarding insurance products, and Healthcare Solutions' business records reflect the consent language presented at the time of Plaintiff's submission.**

c. **Healthcare Solutions maintains business records reflecting Plaintiff's lead submission, including the date and time of submission, the telephone number provided by Plaintiff, the IP address associated with the submission, marketing attribution information, and the consent record associated with Plaintiff's submission.**

d. **Healthcare Solutions' business records identify the source of Plaintiff's lead, the associated marketing platform, publisher, property, campaign, and related attribution information.**

e. **Healthcare Solutions maintains business records reflecting the outbound calls placed to Plaintiff, including call dates, times, agent information, and call outcomes.**

f. **Healthcare Solutions contends that the calls made to Plaintiff were placed after Plaintiff provided prior express written consent to be contacted.**

g. **Healthcare Solutions maintains policies, procedures, and technology relating to telephony operations, consumer consent, and Do-Not-Call compliance, including maintenance of internal Do-Not-Call records and suppression procedures.**

**Defendant further states that the factual bases supporting its affirmative defenses include the documents produced in discovery, Defendant's business records, the testimony of witnesses identified in this litigation, and any additional evidence obtained through ongoing discovery.**

**INTERROGATORY NO. 11:** Identify and describe in detail the process by which you (or any vendor acting on your behalf) "scrubbed" telephone numbers against the National Do Not Call Registry during the relevant time period. In your answer, identify all persons involved, the software or service provider(s) used, and the frequency of such scrubs.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 11:** Healthcare Solutions states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues.

**SUPPLEMENTAL RESPONSE: During the time period in which the calls to Plaintiff were made (July 3, 2025 through July 8, 2025), Healthcare Solutions did not utilize a process to scrub telephone numbers against the National Do Not Call Registry before placing outbound calls. Healthcare Solutions did not utilize National Do Not Call Registry scrubbing because its business practice was to place outbound calls only to consumers who had provided prior express written consent to be contacted, even if their telephone numbers appeared on the National Do Not Call Registry.**

**During that time period, Healthcare Solutions maintained an internal Do-Not-Call process. Healthcare Solutions utilized the Convoso telephony platform in connection with its outbound calling operations and maintained an internal "Do NOT Call" disposition within Convoso. When a consumer requested not to receive additional calls, Healthcare Solutions' procedures were to designate the consumer with the "Do NOT Call" disposition and suppress future outbound calls to that consumer. Healthcare Solutions also maintained an internal Do-Not-Call list and trained its personnel regarding internal Do-Not-Call procedures.**

**INTERROGATORY NO. 12:** Identify and describe all methods by which you claim to have obtained prior express written consent for outbound calls or texts made during the class period. In your answer, identify each vendor, lead generator, or affiliate involved and specify whether any records of such consent exist.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 12:** To the extent Healthcare Solutions obtains leads with prior express written consents from vendors other than those involved in calls to Plaintiff, Healthcare Solutions objects to this Interrogatory as seeking irrelevant information

and information that is disproportionate to the claims and defense in the litigation to the extent it goes beyond the calls made to the named Plaintiff in this litigation. At this time, a class has not been certified and, accordingly, names of other vendors not connected to Plaintiff are not relevant to the current posture of the litigation. Additionally, Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

As to Plaintiff, Healthcare Solutions states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues.

**SUPPLEMENTAL RESPONSE: Healthcare Solutions contends that prior express written consent was obtained through online lead submissions in which consumers voluntarily submitted their contact information and affirmatively agreed to be contacted regarding Medicare-related insurance products.**

**As to Plaintiff specifically, Healthcare Solutions' business records reflect that Plaintiff submitted his contact information on September 10, 2024, through such an online lead submission and affirmatively consented to be contacted. Healthcare Solutions' business records identify Zeeto as the marketing platform associated with Plaintiff's lead, Tibrio as the publisher, and ScoredIt as the property associated with Plaintiff's lead submission. Healthcare Solutions maintains business records reflecting the date and time of Plaintiff's submission, the consent language presented at the time of submission, the associated marketing attribution information, and the campaign and advertising creative associated with Plaintiff's lead.**

**In addition, Healthcare Solutions previously produced class call logs on May 26, 2026 and corresponding lead data on June 2, 2026 for a cohort of leads that followed the same**

**lead journey as Plaintiff. As reflected in Healthcare Solutions' business records, that cohort shared the same lead source, intake path, and downstream handling within Healthcare Solutions' systems as Plaintiff's lead. The corresponding lead records identify the marketing platform, publisher, property, campaign, advertising creative, and consent records associated with each lead.**

**INTERROGATORY NO. 13:** Identify each person or entity responsible for TCPA or Do Not Call Registry compliance during the relevant period, including their job titles, dates of service, and specific responsibilities.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 13:** Healthcare Solutions states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues.

**SUPPLEMENTAL RESPONSE: During the relevant period, Brad Morgan served as Healthcare Solutions' Chief Technology Officer. His responsibilities included administration of Healthcare Solutions' telephony platform, management of Healthcare Solutions' calling systems and related business records, implementation and maintenance of Healthcare Solutions' internal Do-Not-Call suppression functionality within the Convoso platform, and implementation of technical processes relating to outbound calling operations.**

**During the relevant period, Jordan Vickers served as Healthcare Solutions' Chief Marketing Officer. His responsibilities included oversight of Healthcare Solutions' marketing operations, lead generation, lead acquisition, consent records, and the business records relating to consumer lead submissions.**

**INTERROGATORY NO. 14:** Identify all governmental investigations, inquiries, or complaints received from the FCC, FTC, state attorneys general, or any other regulator concerning outbound telemarketing during the relevant time period.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 14:** Healthcare Solutions objects to this Interrogatory because such information is not relevant to any party's claim or defense and proportional to the needs of the case because such information holds no bearing on the allegations in the putative Class Action Complaint.

**SUPPLEMENTAL RESPONSE: None.**

**INTERROGATORY NO. 15:** Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 15:** Healthcare Solutions objects to this Interrogatory because such information is not relevant to any party's claim or defense and proportional to the needs of the case because such information holds no bearing on the allegations in the putative Class Action Complaint.

**SUPPLEMENTAL RESPONSE: Healthcare Solutions' business practice is to place outbound calls only to consumers who have provided prior express written consent to be contacted. Accordingly, Healthcare Solutions is not aware of any person who has been disciplined or reprimanded for engaging in the conduct described in this Interrogatory.**

**JOINT VERIFICATION**

We, Brad Morgan and Jordan Vickers, declare under penalty of perjury as follows:

1. We are authorized representatives of Healthcare Solutions Insurancy Agency LLC.
2. We have reviewed Defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories.
3. Brad Morgan is Healthcare Solutions' Chief Technology Officer. His responsibilities include Healthcare Solutions' telephony systems, outbound calling systems, technical operations, business records relating to those systems, internal Do-Not-Call procedures, and related technical matters. Brad Morgan declares that the factual statements contained in the Supplemental Responses relating to those subjects are true and correct based upon his personal knowledge and review of Healthcare Solutions' business records.
4. Jordan Vickers is Healthcare Solutions' Chief Marketing Officer. His responsibilities include Healthcare Solutions' marketing operations, lead generation, lead acquisition, consumer consent records, marketing attribution records, and related business records. Jordan Vickers declares that the factual statements contained in the Supplemental Responses relating to those subjects are true and correct based upon his personal knowledge and review of Healthcare Solutions' business records.
5. Together, based upon our respective areas of responsibility, personal knowledge, review of Healthcare Solutions' business records, and information reasonably available to us as authorized representatives of Healthcare Solutions, we declare that the foregoing Supplemental Responses are true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on Aug 6, 2026.

Brad Morgan
Brad Morgan (Aug 6, 2026 11:56:03 EDT)

Brad Morgan

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on Aug 6, 2026.

Jordan Vickers
Jordan Vickers (Aug 6, 2026 14:54:09 EDT)

Jordan Vickers

Dated August 7, 2026.

HEALTHCARE SOLUTIONS
INSURANCE AGENCY LLC,
Defendant

By: /s/ *James A. Peterson*
James A. Peterson, Esq.
(Admitted pro hac vice)
PETERSON LEGAL P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
Telephone: (754) 444-8076
E-Mail: James@PetersonLegal.com

Nimrod T. Chapel, Jr.
Nimrod T. Chapel, Jr., MO 46875
Chapel Law Group LLC
311 W Dunklin
Jefferson City, MO 65101
Phone 573-303-0405
E-Mail: nimrod@chapellaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2026, I served the foregoing via email to the persons listed below:

Maxwell Cory Nelson
MCN Law LLC
8600 W. 110th Street
Suite 214
Overland Park, KS 66210
913-358-5800
E-Mail: mcorynelson@mcnlawllc.com

Anthony Paronich, Esq.
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
E-Mail: anthony@paronichlaw.com

*/s/ James A. Peterson*
James A. Peterson, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CASE NO.: 4:25-cv-00607-BCW

JEFFERY BLUBAUGH, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff,

vs.

HEALTHCARE SOLUTIONS INSURANCY AGENCY LLC,

Defendant.

_____________________________________________/

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**
**(as to Requests 4 through 7, 11, 12, and 15 through 20)**

Defendant, HEALTHCARE SOLUTIONS INSURANCY AGENCY LLC, through its undersigned attorney and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby serves its Supplemental Response to Plaintiff's First Request for Production as to Requests 4 through 7, 11, 12, and 15 through 20 and states as follows:

**DOCUMENTS REQUESTED**

**REQUEST FOR PRODUCTION NO. 4:** Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**ORIGINAL RESPONSE TO REQUEST NO. 4:** Healthcare Solutions objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation. A class has not yet been certified in this litigation and, as such, a broad request for any failure to abide by policies simply is not relevant to the claims of the Plaintiff in this litigation. Healthcare Solutions further objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents relating to any failure by a vendor of Healthcare Solutions to abide by Healthcare Solutions' policies relating to the sending of outbound calls. It would be burdensome

and not practical for Healthcare Solutions to have to locate "all" documents that refer to such information, and attempting to do so would not be proportional to the needs of the case. Healthcare Solutions also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product privilege, and any other applicable privilege. Healthcare Solutions invites a meet and confer as to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 4: Defendant maintains its objections. Subject thereto, Defendant has no responsive documents in its possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 5:** Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**ORIGINAL RESPONSE TO REQUEST NO. 5:** Healthcare Solutions objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation to the extent it seeks all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. At this time, a class has not been certified and, accordingly, seeking these documents would provide information that has nothing to do with Plaintiff and will encompass documents that have no relevance to the claims and defenses in this litigation at this stage of the litigation. The Request and burden is disproportionate to the needs of the case based on the current procedural posture of the litigation. Healthcare Solutions objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" documents containing such information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 5: Defendant withdraws its objection that class discovery is premature but otherwise maintains its objections, including its objections based on overbreadth and proportionality. Subject thereto, see HEALTHCARE SOLUTIONS 0006 and HEALTHCARE SOLUTIONS 0008. Defendant has no other responsive documents in its possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 6:** All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**ORIGINAL RESPONSE TO REQUEST NO. 6:** Healthcare Solutions objects to this Request because it seeks documents that are not relevant to any party’s claim or defense and proportional to the needs of the case because such information holds no bearing on the allegations in the putative Class Action Complaint. Healthcare Solutions further objects to this Request as overbroad and unduly burdensome to the extent it seeks “all” contracts or documents representing agreements

with any vendor that provided you with the Plaintiff's telephone number or information. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" documents that refer to such information, and attempting to do so would not be proportional to the needs of the case. Healthcare Solutions further objects to this request to the extent it seeks documents protected from disclosure by the attorney/client privilege, attorney work-product doctrine and/or any other applicable privilege. Subject to and without waiving these objections, Defendant states no documents exist responsive to this request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 6: Defendant maintains its objections. Regarding the source and submission of Plaintiff's telephone number, see Defendant's Supplemental Responses to Interrogatories Nos. 2, 3, and 6. Defendant has no responsive documents in its possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 7:** All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**ORIGINAL RESPONSE TO REQUEST NO. 7:** Healthcare Solutions objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" internal communications regarding any vendor that provided Healthcare Solutions with the Plaintiff's telephone number or information. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" internal communications that refer to such information, and attempting to do so would not be proportional to the needs of the case. Healthcare Solutions further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine and/or any other applicable privilege.

Subject to and without waiving these objections, Defendant states no documents exist responsive to this request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 7: Defendant maintains its objections. Regarding the source and submission of Plaintiff's telephone number, see Defendant's Supplemental Responses to Interrogatories Nos. 2, 3, and 6. Defendant has no responsive documents in its possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 11:** All communications with any third party that provided you the Plaintiff's telephone number.

**ORIGINAL RESPONSE TO REQUEST NO. 11:** Healthcare Solutions objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" communications with any third party that provided you the Plaintiff's telephone number. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" communications that refer to such information, and attempting to do so would not be proportional to the needs of the case. Finally, Healthcare Solutions objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to the extent such documents are not relevant to any claim or defense in this matter, particularly insofar as such

communications do not relate directly to this lawsuit or Plaintiff. Subject to and without waiving these objections, Defendant states no documents exist responsive to this request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 11: Defendant maintains its objections. Regarding the source and submission of Plaintiff's telephone number, see Defendant's Supplemental Responses to Interrogatories Nos. 2, 3, and 6. Defendant has no responsive documents in its possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 12:** All internal communications at your company regarding any third party that provided you the Plaintiff's telephone number.

**ORIGINAL RESPONSE TO REQUEST NO. 12:** Medicare Health objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" internal communications at your company regarding any third party that provided you the Plaintiff's telephone number. It would be burdensome and not practical for Medicare Health to have to locate "all" communications that refer to such information, and attempting to do so would not be proportional to the needs of the case. Finally, Medicare Health objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to the extent such documents are not relevant to any claim or defense in this matter, particularly insofar as such communications do not relate directly to this lawsuit or Plaintiff. Subject to and without waiving these objections, Defendant states no documents exist responsive to this request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 12: Defendant maintains its objections. Regarding the source and submission of Plaintiff's telephone number, see Defendant's Supplemental Responses to Interrogatories Nos. 2, 3, and 6. Defendant has no responsive documents in its possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 15:** Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

(a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;
(b) obtaining or verifying prior express consent;
(c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 et seq.

**ORIGINAL RESPONSE TO REQUEST NO. 15:** Healthcare Solutions objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" documents that refer to such information, and attempting to do so would not be proportional to the needs of the case. Subject to and without

waiving these objections, non-privileged policies regarding TCPA procedures responsive to this Request in Healthcare Solutions' possession, custody, or control will be produced. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Friday, January 16, 2026.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 15: Defendant maintains its objections. Subject thereto, see HEALTHCARE SOLUTIONS 0022 – 0023 and HEALTHCARE SOLUTIONS 0035 – 0037.**

**REQUEST FOR PRODUCTION NO. 16:** Please produce all documents containing any of the following information for each outbound telemarketing call or text sent by you or your vendors, including to the Plaintiff:

(a) the date and time;
(b) the caller ID;
(c) any stop request received;
(d) any recorded message used;
(e) the result;
(f) identifying information for the recipient; and
(g) any other information stored by the call detail records.

**ORIGINAL RESPONSE TO REQUEST NO. 16:** Healthcare Solutions objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation to the extent it seeks documents showing the requested information for every call made during the relevant time period. At this time, a class has not been certified and, accordingly, seeking this information regarding every outbound telemarketing call would provide information that has nothing to do with Plaintiff and will encompass communications that have no relevance to the claims and defenses in this litigation at this stage of the litigation. The Request and burden is
disproportionate to the needs of the case based on the current procedural posture of the litigation. Healthcare Solutions objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents containing any of the following information for each outbound telemarketing call sent by Healthcare Solutions or Healthcare Solutions' vendors. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" documents containing such information.

Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly. Said motion will further outline the burden faced by Defendant in gathering all documents responsive to this request. Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Healthcare Solutions' possession, custody, or control that relate directly to Plaintiff will be produced based on Healthcare Solutions' good faith search for documents. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Friday, January 16, 2026.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 16: Defendant withdraws its objection that class discovery is premature but otherwise maintains its objections, including its objections based on overbreadth and proportionality. Subject thereto, see HEALTHCARE SOLUTIONS 0001, HEALTHCARE SOLUTIONS 0003, HEALTHCARE SOLUTIONS 0006, and HEALTHCARE SOLUTIONS 0008.**

**REQUEST FOR PRODUCTION NO. 17:** Produce all documents evidencing purported consent obtained for calls or texts made during the class period, including any lead generation forms, webforms or audit trails.

**ORIGINAL RESPONSE TO REQUEST NO. 17:** Healthcare Solutions objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation to the extent it seeks documents evidencing purported consent obtained for calls or texts made during the class period. At this time, a class has not been certified and, accordingly, seeking this information regarding every outbound telemarketing call would provide information that has nothing to do with Plaintiff and will encompass communications that have no relevance to the claims and defenses in this litigation at this stage of the litigation. The Request and burden is disproportionate to the needs of the case based on the current procedural posture of the litigation. Healthcare Solutions objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents evidencing purported consent obtained for calls or texts made during the class period. It would be burdensome and not practical for Medicare Health to have to locate "all" documents containing such information.

Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly. Said motion will further outline the burden faced by Defendant in gathering all documents responsive to this request. Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Healthcare Solutions' possession, custody, or control that relate directly to Plaintiff will be produced based on Healthcare Solutions' good faith search for documents. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Friday, January 16, 2026.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 17: Defendant withdraws its objection that class discovery is premature but otherwise maintains its objections, including its objections based on overbreadth and proportionality. Subject thereto, see HEALTHCARE SOLUTIONS 0002, HEALTHCARE SOLUTIONS 0005, HEALTHCARE SOLUTIONS 0007, HEALTHCARE SOLUTIONS 0009 – 0021, and HEALTHCARE SOLUTIONS 0038.**

**REQUEST FOR PRODUCTION NO. 18:** Produce all documents, reports, or data files that reflect scrubbing of call lists against the National Do Not Call Registry during the relevant time period.

**ORIGINAL RESPONSE TO REQUEST NO. 18:** Healthcare Solutions objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation to the extent it seeks documents, reports, or data files that reflect scrubbing of call lists

against the National Do Not Call Registry. At this time, a class has not been certified and, accordingly, seeking these documents would provide information that has nothing to do with Plaintiff and will encompass communications that have no relevance to the claims and defenses in this litigation at this stage of the litigation. The Request and burden is disproportionate to the needs of the case based on the current procedural posture of the litigation. Healthcare Solutions objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents, reports, or data files that reflect scrubbing of call lists against the National Do Not Call Registry. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" documents containing such information.

Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Healthcare Solutions' possession, custody, or control will be produced as to Plaintiff only. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Friday, January 16, 2026.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 18: Defendant withdraws its objection that class discovery is premature but otherwise maintains its objections. Subject thereto, Defendant did not scrub the relevant call lists against the National Do-Not-Call Registry and therefore has no responsive documents in its possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 19:** Produce all communications with regulators (including the FCC, FTC, and state attorneys general) regarding telemarketing or Do Not Call compliance during the class period.

**ORIGINAL RESPONSE TO REQUEST NO. 19:** Healthcare Solutions objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation to the extent it seeks communications with regulators regarding telemarketing or Do Not Call compliance. At this time, a class has not been certified and, accordingly, seeking these communications would provide information that has nothing to do with Plaintiff and will encompass communications that have no relevance to the claims and defenses in this litigation at this stage of the litigation. The Request and burden is disproportionate to the needs of the case based on the current procedural posture of the litigation. Healthcare Solutions objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" communications with regulators regarding telemarketing or Do Not Call compliance. It would be burdensome and not practical for Healthcare Solutions to have to locate "all" documents containing such information. Healthcare Solutions invites a meet and confer as to this request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 19: Defendant withdraws its objection that class discovery is premature but otherwise maintains its objections. Subject thereto, Defendant has no responsive documents in its possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 20:** All communications with any third party concerning this litigation other than your attorney.

**ORIGINAL RESPONSE TO REQUEST NO. 20:** Healthcare Solutions objects to this request as overbroad and unduly burdensome to the extent it seeks "all" communications with any third-party regarding this lawsuit. It would be burdensome and potentially impossible to conduct a review to ensure that "all" communications relating to this topic are located, reviewed and produced, and attempting to do so would not be proportional to the needs of the case. Healthcare Solutions further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine and/or any other applicable privilege.

Subject to and without waiving these objections, non-privileged documents responsive to this Request will be produced. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Friday, January 16, 2026.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 20: Defendant maintains its objections. Subject thereto, see HEALTHCARE SOLUTIONS 0004 and HEALTHCARE SOLUTIONS 0024 – 0034.**

Dated August 19, 2026.

HEALTHCARE SOLUTIONS
INSURANCE AGENCY LLC,
Defendant

By: /s/ *James A. Peterson*

James A. Peterson, Esq.
(Admitted pro hac vice)
PETERSON LEGAL P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
Telephone: (754) 444-8076
E-Mail: James@PetersonLegal.com

Nimrod T. Chapel, Jr.
Nimrod T. Chapel, Jr., MO 46875
Chapel Law Group LLC
311 W Dunklin
Jefferson City, MO 65101
Phone 573-303-0405
E-Mail: nimrod@chapellaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2026, I served the foregoing via email to the persons listed below:

Maxwell Cory Nelson
MCN Law LLC
8600 W. 110th Street
Suite 214
Overland Park, KS 66210
913-358-5800
E-Mail: mcorynelson@mcnlawllc.com

Anthony Paronich, Esq.
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
E-Mail: anthony@paronichlaw.com

*/s/ James A. Peterson*
James A. Peterson, Esq.