IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CASE NO.: 4:25-cv-00607-BCW

JEFFERY BLUBAUGH, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff,

vs.

HEALTHCARE SOLUTIONS INSURANCY AGENCY LLC,

Defendant.
______________________________________________/

**DEFENDANT'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL COMPLETE DISCOVERY RESPONSES**

Defendant Healthcare Solutions Insurancy Agency LLC ("HSI") submits its Suggestions in Opposition to Plaintiff's Motion to Compel Complete Discovery Responses (ECF No. 52) and states as follows:

## INTRODUCTION

Plaintiff seeks additional discovery concerning the sources and records of consumer consent, notwithstanding HSI's substantial production of classwide calling records and corresponding lead information. The scope of that production is particularly significant because Plaintiff has already relied upon those same records to identify a proposed class and move for its certification.

On May 26, 2026, HSI produced classwide call records, followed by corresponding lead records on June 2, 2026. ECF No. 52-1 at 15–16. The production originated from a cohort of 6,186

leads identified by HSI as having followed the same lead journey as Plaintiff, including the same lead source, intake path, and downstream handling within HSI's systems. The corresponding call-log production contains 312,968 rows, including 311,175 individual call records. The lead-data production contains records for every telephone number appearing in the call-log production.

Significantly, the lead data identifies the marketing platform, publisher, property, campaign, and other attribution information associated with those leads. Although the records reflect different publishers and marketing properties, they identify Zeeto as the common marketing platform. Plaintiff has therefore received not merely calling records, but corresponding lead and marketing-attribution information for the telephone numbers underlying his proposed class.

Plaintiff's expert, Aaron Woolfson, analyzed those same records and, after applying his methodology and excluding certain policy purchasers, identified 144,892 purportedly qualifying calls to 1,852 telephone numbers. ECF No. 51 at 5–6. Plaintiff then relied upon that analysis to seek certification of a class expressly defined by reference to telephone numbers appearing in HSI's produced call records. Id. at 8.

HSI disputes whether Plaintiff's methodology establishes the requirements for class certification. But there is no question that Plaintiff has received substantial classwide calling and consent-related information and has used that information to formulate and litigate his certification theory. Plaintiff has not adequately demonstrated why the additional discovery requested is necessary or proportional in light of the extensive information already supplied.

For the reasons discussed below, the Motion should be denied, including Plaintiff's request for attorneys' fees and expenses.

## ARGUMENT

### I. HSI has already produced classwide calling records and corresponding lead information encompassing the telephone numbers underlying Plaintiff's proposed class

Plaintiff's Motion seeks further responses to Interrogatory No. 12 and Request for Production No. 17 concerning the sources, methods, and records of consumer consent.

HSI has provided substantial discovery addressing those subjects. In its supplemental response to Interrogatory No. 12, HSI explained that consent was obtained through online lead submissions in which consumers voluntarily provided their contact information and affirmatively agreed to be contacted regarding Medicare-related insurance products. ECF No. 52-1 at 15. HSI also identified Zeeto as the marketing platform, Tibrio as the publisher, and ScoredIt as the property associated with Plaintiff's particular submission. Id.

Importantly, HSI's discovery was not limited to Plaintiff's individual lead. HSI produced classwide calling records on May 26, 2026, and corresponding lead data on June 2, 2026, for a cohort of consumers identified as having followed the same lead journey as Plaintiff. ECF No. 52-1 at 15–16.

The relationship between these productions is significant. The call-log production, designated HEALTHCARE SOLUTIONS 0006, contains 312,968 rows associated with 6,184 distinct telephone numbers. The corresponding lead-data production, designated HEALTHCARE SOLUTIONS 0007, contains lead records for all 6,184 of those telephone numbers. Those lead records include information identifying the marketing platform, publisher, property, campaign, and other marketing-attribution information. Thus, Plaintiff possesses lead information corresponding to every telephone number appearing in the produced call records.

The lead records also reflect differences among publishers and marketing properties within the selected cohort. Accordingly, the production does not merely identify Zeeto, Tibrio, and

ScoredIt in connection with Plaintiff's individual lead. It includes additional source and attribution information for the other telephone numbers within the cohort, while reflecting the common lead-acquisition framework used to select that population.

Plaintiff has already made substantial use of this discovery. His expert began with the 312,968-row call-log dataset, applied filtering criteria, and ultimately identified 144,892 purportedly qualifying calls to 1,852 telephone numbers after excluding numbers associated with insurance purchases. ECF No. 51 at 5–6. Plaintiff then moved for certification of a class expressly defined, in part, as persons "whose telephone numbers appear in Healthcare Solutions' call records produced in this matter." Id. at 8.

HSI's September 15, 2026 responses to Plaintiff's Second Set of Discovery further identified the previously produced lead and consent records as the evidence supporting its consent contentions concerning the numbers appearing in Plaintiff's expert analysis. ECF No. 51-5, Interrog. Nos. 3, 6; ECF No. 51-6, Request No. 1. Those responses also identified additional evidence concerning inbound communications, inquiries, applications, and insurance purchases. Id.

Accordingly, Plaintiff already possesses extensive classwide calling and lead information, including corresponding consent-related records for the telephone numbers upon which he has based his proposed class. The suggestion that HSI has provided only Plaintiff's individual consent information or withheld the source information underlying the proposed class is inconsistent with the discovery actually produced.

**II. Plaintiff has not established that the additional discovery requested is proportional to the needs of the case**

HSI recognizes that the Court denied its earlier motion to bifurcate discovery. HSI does not contend that classwide discovery is categorically unavailable before certification. Indeed,

HSI's subsequent production of extensive classwide records demonstrates that it has provided discovery extending well beyond Plaintiff's individual circumstances.

Nevertheless, the denial of bifurcation did not eliminate the independent proportionality limitations imposed by Rule 26. Discovery must remain proportional to the needs of the case, considering the issues at stake, the amount in controversy, the parties' relative access to information, the importance of the discovery in resolving the issues, and whether its burden or expense outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2)(C) further requires courts to limit discovery that is unreasonably cumulative or duplicative.

The Eighth Circuit recognizes the district court's authority to limit discovery after considering proportionality and the particular circumstances of the case. *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742–44 (8th Cir. 2018).

Here, the discovery already produced is substantial. Plaintiff has received calling records and associated lead information covering thousands of telephone numbers and hundreds of thousands of call-log entries. Those records include the marketing attribution information associated with the leads, including publisher, property, and campaign data. Plaintiff has retained an expert, conducted a classwide analysis, identified a proposed class population, and moved for certification based on those materials.

HSI's opposition to certification does not establish that further discovery is warranted. HSI challenges whether Plaintiff's proposed common proof resolves the material liability questions remaining even within the population identified by his expert. Those questions include whether individual consumers authorized particular lead submissions, whether subsequent inquiries or established business relationships provided independent grounds for contact, whether the expert's methodology identifies qualifying calls, and whether the proposed population satisfies the

applicable class definition.

The fact that HSI contests the sufficiency of Plaintiff's evidence does not mean that HSI has failed to produce the records underlying Plaintiff's certification theory. Nor does it follow that additional discovery into every marketing source, campaign, and individual consent record maintained during the class period would resolve the individualized questions identified in HSI's opposition.

Plaintiff relies on *Whiteamire Clinic, P.A., Inc. v. Quill Corp.*, No. 12 C 5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013), but that decision involved materially different circumstances. There, the defendant's production was principally limited to the named plaintiff, and the court found that the absence of classwide records potentially prevented identification of the proposed class. Id. at *3–5. Here, HSI has already produced extensive classwide call records and corresponding lead information, which Plaintiff's expert used to identify 1,852 telephone numbers and develop his certification methodology. HSI does not contend that classwide discovery is premature or categorically unavailable. Rather, the issue is whether the additional discovery sought is proportional in light of the information already produced. *Whiteamire* does not eliminate that inquiry under Rule 26.

Although Plaintiff seeks identification of additional sources under Interrogatory No. 12, the existence of marketing activity beyond the particular source associated with Plaintiff does not, standing alone, demonstrate that unrestricted additional discovery is proportional to its likely benefit. The actual scope and incremental value of that discovery must be evaluated against the substantial records already supplied and the issues presented by Plaintiff's proposed class.

HSI respectfully submits that Plaintiff has not made that showing.

**III. Plaintiff has not established grounds for compelling unrestricted additional production under Request for Production No. 17**

Request for Production No. 17 seeks all documents evidencing purported consent obtained for calls or texts during the class period, including lead-generation forms, webforms, and audit trails.

HSI initially objected to that request as overbroad and disproportionate. Following the Court's denial of bifurcation, HSI expressly withdrew its objection that class discovery was premature while maintaining its separate objections concerning overbreadth and proportionality. ECF No. 52-1 at 26.

HSI also identified responsive materials by Bates designation, including HEALTHCARE SOLUTIONS 0002, 0005, 0007, 0009–0021, and 0038. Id. The production includes the classwide lead data discussed above, which contains corresponding source and attribution information for every telephone number appearing in the produced call logs.

Plaintiff argues that HSI's supplemental response fails to expressly state whether responsive documents were withheld based upon its remaining objections, as required by Rule 34(b)(2)(C). That provision requires an objection to state whether responsive materials are being withheld on the basis of the objection. HSI does not dispute the existence of that procedural requirement.

The question whether a written response sufficiently identifies the scope of materials withheld, however, is distinct from the question whether Plaintiff is entitled to every document encompassed by the literal language of Request No. 17. Rule 34 does not displace the proportionality limitations of Rule 26.

Here, Plaintiff has already received lead and consent-related information corresponding to the telephone numbers underlying his proposed class. To the extent Plaintiff contends that

particular additional records are necessary, their relevance and proportionality must be assessed in light of the information already available, rather than presuming that the entire additional production requested is warranted.

Accordingly, any relief concerning the wording of HSI's response under Rule 34(b)(2)(C) should be confined to that specific issue and should not automatically require unrestricted additional document production.

**IV. An award of attorneys' fees or expenses is unwarranted**

Plaintiff also requests an award of reasonable attorneys' fees and expenses under Rule 37(a)(5). That request should be denied.

HSI has not refused to provide discovery concerning consent. It has participated in multiple discovery conferences, served substantial supplemental responses, produced extensive classwide calling and lead records, and responded to Plaintiff's additional discovery concerning the telephone numbers identified in his expert's analysis.

The May 26 and June 2, 2026 classwide productions preceded Plaintiff's September 21 motion for class certification by several months. Plaintiff was able to analyze those records, obtain an expert report, identify a proposed class population, and present his certification arguments. HSI's position concerning the sufficiency and proportionality of additional discovery is therefore grounded in substantial discovery already provided, rather than an assertion that classwide discovery should be deferred until certification.

Moreover, HSI's objections concern legitimate questions about the scope and proportionality of additional discovery. The Court's earlier denial of bifurcation did not foreclose reasonable objections to particular discovery requests under Rule 26(b)(1).

Rule 37(a)(5)(A) recognizes that an award of expenses is inappropriate where the opposing

party's nondisclosure, response, or objection was substantially justified or where other circumstances make an award unjust. Where a motion is granted in part and denied in part, Rule 37(a)(5)(C) permits the Court to apportion reasonable expenses.

Given HSI's extensive production, its continuing participation in discovery, and the genuine dispute concerning the appropriate scope of further production, HSI respectfully submits that an award of attorneys' fees or expenses would be unwarranted.

**CONCLUSION**

For the foregoing reasons, Defendant Healthcare Solutions Insurancy Agency LLC respectfully requests that the Court deny Plaintiff's Motion to Compel Complete Discovery Responses (ECF No. 52), including Plaintiff's request for attorneys' fees and expenses. Alternatively, HSI requests that any relief be narrowly confined to deficiencies specifically identified by the Court, consistent with the proportionality limitations of Rule 26, without an award of expenses.

Dated October 14, 2026.

HEALTHCARE SOLUTIONS
INSURANCY AGENCY LLC,
Defendant
By: /s/ *James A. Peterson*
James A. Peterson, Esq.
(admitted pro hac vice)
PETERSON LEGAL P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
Telephone: (754) 444-8076
James@PetersonLegal.com

and

Nimrod T. Chapel, Jr., MO 46875
Chapel Law Group LLC
311 W Dunklin
Jefferson City, MO 65101
Phone 573-303-0405
Email: nimrod@chapellaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2026, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following attorneys registered with the CM/ECF system:

Maxwell Cory Nelson
MCN Law LLC
8600 W. 110th Street
Suite 214
Overland Park, KS 66210
913-358-5800
E-Mail: mcorynelson@mcnlawllc.com

Anthony Paronich, Esq.
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
E-Mail: anthony@paronichlaw.com

*/s/ James A. Peterson*
James A. Peterson, Esq.