**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JEFFERY BLUBAUGH, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTHCARE SOLUTIONS INSURANCY AGENCY LLC,<br><br>Defendant. | | CASE NO.: 4:25-cv-00607-BCW<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S SUGGESTIONS IN REPLY IN SUPPORT**
**OF MOTION TO COMPEL COMPLETE DISCOVERY RESPONSES**

## Introduction

Defendant Healthcare Solutions Insurancy Agency LLC ("HSI") does not dispute that Interrogatory No. 12 seeks identification of all class-period consent methods and the vendors, lead generators, and affiliates involved. Nor does it dispute that Rule 34(b)(2)(C) requires disclosure of whether responsive documents are being withheld based upon objections. Instead, HSI repeatedly emphasizes the volume of records it has already produced. But the existence of substantial discovery does not establish that Defendant has fully answered the requests at issue.

Indeed, Defendant's Opposition confirms that the produced lead records identify different publishers and marketing properties, although they share Zeeto as a common marketing platform. (Opp. 2–4.) Yet HSI has never clearly answered whether those sources and the selected cohort it produced encompass every consent method and source upon which it relies during the class period. Nor has it stated whether additional responsive documents are being withheld under its remaining objections.

Plaintiff does not seek duplicative production of records already provided. He seeks complete answers to two discovery requests directly concerning the consent defense HSI has placed at the center of this litigation.

The Motion should be granted.

## Argument

### A. HSI Has Not Fully Answered Interrogatory No. 12.

Interrogatory No. 12 requests identification and description of "all methods" by which HSI claims to have obtained prior express written consent for calls or texts during the class period, including "each vendor, lead generator, or affiliate involved." (ECF No. 52-1.) HSI originally objected to identifying vendors other than those involved in Plaintiff's calls because

no class had been certified and it intended to seek bifurcation. *Id.* The Court subsequently denied bifurcation. ECF No. 24.

HSI's supplemental answer identified Zeeto as the marketing platform, Tibrio as the publisher, and ScoredIt as the property associated with Plaintiff's purported lead submission. It also described a cohort of leads that allegedly followed the same lead journey as Plaintiff. But it did not expressly identify all class-period consent sources and methods or state whether the identified cohort encompassed the entirety of HSI's consent acquisition practices.

HSI's Opposition does not resolve that omission. Rather, HSI acknowledges that the produced records reflect "different publishers and marketing properties" within the cohort, while identifying Zeeto as the common marketing platform. (Opp. 2–4.) It further acknowledges that the records originated from a selected cohort of leads associated with Plaintiff's lead journey. *Id.*

That distinction matters. Producing attribution data for every number within a selected cohort does not establish that the cohort encompasses all sources and methods through which HSI claims consent was obtained during the class period. Nor does producing a spreadsheet containing publisher and property fields necessarily provide the complete narrative identification requested by Interrogatory No. 12.

HSI's proportionality argument is equally unpersuasive. HSI already maintains the marketing platform, publisher, property, campaign, and attribution information it describes in its Opposition. (Opp. 3–4.) It identifies no concrete burden associated with providing a complete interrogatory answer identifying the sources and methods reflected in those records or explaining whether other sources and methods exist. Plaintiff therefore requests that HSI be ordered to identify all consent methods and involved entities within the scope of Interrogatory No. 12 and

expressly state whether the Zeeto-associated cohort and previously produced records encompass all such sources and methods.

### B. HSI Concedes Rule 34(b)(2)(C)'s Requirement but Still Has Not Complied With It.

HSI's opposition to compelling a complete response to Request for Production No. 17 is similarly deficient. Request No. 17 seeks documents evidencing purported consent obtained for calls or texts during the class period, including lead-generation forms, webforms, and audit trails. HSI's supplemental response withdrew its objection that class discovery was premature but maintained objections based upon overbreadth and proportionality. Subject to those objections, HSI identified certain Bates ranges. (ECF No. 52-1.)

Rule 34(b)(2)(C) expressly requires that an objection state whether responsive materials are being withheld on the basis of that objection. HSI acknowledges this requirement. (Opp. 7.) Nevertheless, its supplemental response does not state whether responsive documents were withheld under its remaining objections, and its Opposition supplies no such clarification. HSI instead argues that compliance with Rule 34's withholding-disclosure requirement is distinct from whether Plaintiff is entitled to unrestricted additional production. (Opp. 7–8.) Plaintiff agrees that Rule 26's proportionality limitations remain applicable. But that is no answer to the threshold requirement that HSI disclose whether it has withheld responsive materials and identify the scope of any withholding. Nor does the volume of HSI's existing production excuse compliance. Plaintiff cannot determine from a list of Bates ranges whether HSI has produced all responsive consent records or only those materials it elected to produce subject to its continuing objections.

At minimum, HSI should be ordered to amend its response to Request No. 17 to state whether responsive documents are being withheld based upon its objections, identify the categories or scope of any withheld materials, and produce additional responsive, nonprivileged documents within the permissible scope of the request that have not already been produced.

### C. HSI's Prior Productions Do Not Establish That the Remaining Discovery Is Disproportionate.

HSI repeatedly characterizes Plaintiff's Motion as seeking "unrestricted" discovery into every marketing source, campaign, and consent record. (Opp. 6–8.) That characterization ignores the specific deficiencies Plaintiff identifies.

Plaintiff does not dispute that HSI produced substantial classwide call records and corresponding lead data. Those records enabled Plaintiff's expert to identify 1,852 telephone numbers receiving 144,892 qualifying calls. But the ability to analyze the records produced does not establish that HSI has fully identified its consent sources or complied with Rule 34(b)(2)(C). HSI's reliance on *Whiteamire Clinic, P.A., Inc. v. Quill Corp.*, No. 12 C 5490, 2013 WL 5348377 (N.D. Ill. Sept. 24, 2013), is misplaced. Plaintiff does not contend that *Whiteamire* eliminates proportionality limitations. The relevant principle is that class discovery must permit meaningful examination of the facts necessary to evaluate certification. HSI's production of call and lead records does not eliminate Plaintiff's entitlement to discover the sources and evidence underlying the consent defense HSI intends to assert.

HSI also argues that Plaintiff has already moved for class certification using the records provided. (Opp. 5–6.) But that does not render further discovery unnecessary, particularly where HSI simultaneously argues that its consent defense presents individualized questions that may

defeat certification. ECF No. 55. The identification of the sources and methods underlying that defense is directly relevant to resolving those questions.

Finally, HSI has not demonstrated that the limited supplementation requested would impose a burden disproportionate to its likely benefit. It identifies no estimated cost, volume of additional records, or particular difficulty associated with identifying the sources and methods already reflected in its own business records. Nor does it explain why it cannot provide the withholding statement expressly required by Rule 34.

The Court should reject HSI's attempt to substitute the quantity of its prior production for complete discovery responses.

**D. Plaintiff Is Entitled to His Reasonable Expenses Under Rule 37(a)(5).**

HSI opposes Plaintiff's request for expenses by emphasizing its participation in discovery conferences and substantial productions. (Opp. 8–9.) But those circumstances do not establish that its continued refusal to provide complete responses was substantially justified.

The Court denied HSI's motion to bifurcate discovery. ECF No. 24. The parties thereafter participated in multiple discovery conferences, including on May 12, August 6, and September 16, 2026. ECF Nos. 28–29, 37, 48–49. HSI supplemented its responses, but the specific deficiencies concerning Interrogatory No. 12 and Request No. 17 remained unresolved. The Court ultimately authorized Plaintiff to file this Motion. ECF No. 49. Rule 37(a)(5)(A) provides for an award of reasonable expenses incurred in bringing a successful motion to compel unless the opposing party's position was substantially justified or other circumstances make an award unjust. Plaintiff respectfully submits that HSI's continued failure to provide complete responses after repeated opportunities to supplement was not substantially justified and the Court repeatedly informed the Defendant that it would consider such expenses.

The prejudice resulting from HSI's incomplete discovery responses is not hypothetical. After the Court denied bifurcation, ECF No. 24, Plaintiff repeatedly sought complete classwide consent discovery, participated in three discovery conferences on May 12, August 6, and September 16, 2026, and afforded HSI multiple opportunities to supplement its responses. ECF Nos. 28–29, 37, 48–49. Yet HSI's continued failure to provide complete answers forced Plaintiff to proceed with class certification without the full evidence concerning the consent sources and methods underlying HSI's defenses. HSI now opposes certification by asserting that individualized consent questions preclude class treatment, while withholding the very information necessary to evaluate those assertions. ECF No. 55. Although Plaintiff has navigated these deficiencies, presented substantial common proof, and remains confident that certification is warranted, HSI's conduct has nevertheless prejudiced Plaintiff and the putative Class. It has deprived them of a complete evidentiary record, required Plaintiff to expend additional resources addressing speculative defenses without the underlying discovery, and impeded the efficient resolution of class certification. Plaintiff should not have been required to litigate certification under these circumstances, particularly after repeated Court conferences failed to secure complete responses.

Accordingly, Plaintiff requests his reasonable attorneys' fees and expenses incurred in bringing this Motion. Alternatively, if the Court grants the Motion in part, Plaintiff requests an appropriate apportionment of expenses under Rule 37(a)(5)(C).

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion to Compel (ECF No. 52), order HSI to provide a complete supplemental response to Interrogatory No. 12 identifying all class-period consent sources and methods, require HSI to

amend its response to Request for Production No. 17 to disclose whether responsive documents are being withheld and complete any required production, and award Plaintiff his reasonable expenses pursuant to Rule 37(a)(5).

Dated: September 21, 2026

Respectfully submitted,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

M. Cory Nelson, MO # 63357
MCN Law LLC
8600 W. 110th Street, Suite 214
Overland Park, KS 66210
Tel: 913-358-5800
mcorynelson@mcnlawllc.com
Local Counsel for Plaintiff and the putative Class

*Counsel for Plaintiff and the Proposed Class*